**Mary H. COOLEY, guardian, Appellant,**

**v.**

**Doris COOLEY, Appellee.**

**No. 4663.**

Court of Civil Appeals of Texas, Eastland.

Nov. 30, 1973.

Rehearing Denied Dec. 28, 1973.

Jerry C. Gilmore, Green, Gilmore, Crutcher, Rothpletz & Burke, Dallas, Beck Smith, Houston, for appellant.

Roland C. Anderson, Strasburger, Price, Kelton, Martin & Unis, John B. Tolle, Asst. Dist. Atty., Prentice Wilson, Larry M. Lesh, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellee.

RALEIGH BROWN, Justice.

Mutual Life Insurance Company of New York brought an interpleader action to determine the proper beneficiary under a policy of life insurance issued on the life of Melvin K. Cooley. The defendants were Mrs. Doris Cooley, the named beneficiary, Mary Helen Cooley as guardian of the estates of three minors and Sedco, Inc. and Sedco Persia, Inc., assignees of a portion of the insurance policy. Mary Helen Cooley contended that Doris Cooley should be disqualified as a beneficiary on the grounds that Doris Cooley willfully brought about the death of the insured, Melvin K. Cooley, being convicted and sentenced for same in the country of Iran. On the jury's finding that Mrs. Doris Cooley did not willfully bring about the death of Melvin K. Cooley, the trial court entered judgment for Doris Cooley. Mary Helen Cooley appeals.

It was established on the trial of the cause that Mary Helen Cooley married Melvin Cooley in 1956. He was the father of her three children for whom she was duly qualified as guardian. This marriage terminated in 1962 by divorce.

In June 1963, Doris Cooley and Melvin Cooley were married. Doris Cooley had been previously married and had children. No children were born to the marriage of Doris and Melvin Cooley and he did not adopt any of the children of Doris. This marriage was terminated by the death of Melvin Cooley in 1966.

At the time of Melvin Cooley's death, he was employed by Sedco, Inc. and/or Sedco Persia, Inc. He, Doris Cooley and two of her children were living in Tehran, Iran. Melvin Cooley was shot and killed in his home there. The evidence showed that on the day of the shooting Melvin and Doris Cooley had been arguing, a struggle with a gun ensued resulting in shots being fired and Melvin Cooley being killed.

Mary Helen Cooley's claim to the insurance proceeds as guardian of the nearest

relative of the deceased insured was based on Article 21.23, Insurance Code, V.A.T.S., and Section 41, Probate Code, V.A.T.S.

Article 21.23, provides:

"The interest of a beneficiary in a life insurance policy or contract heretofore or hereafter issued shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured. When such is the case, the nearest relative of the insured shall receive said insurance. Acts 1951, 52nd Leg., ch. 491."

Section 41(d), provides:

"Convicted Persons and Suicides. No conviction shall work corruption of blood or forfeiture of estate, except in the case of a beneficiary in a life insurance policy or contract who is convicted and sentenced as a principal or accomplice in wilfully bringing about the death of the insured, in which case the proceeds of such insurance policy or contract shall be paid as provided in the Insurance Code of this State, as same now exists or is hereafter amended; nor shall there be any forfeiture by reason of death by casualty; and the estates of those who destroy their own lives shall descend or vest as in the case of natural death. Acts 1955, 54th Leg., p. 88, ch. 55."

Doris Cooley's claim to the proceeds was based on the fact that she was the named beneficiary. Sedco, Inc. and Sedco Persia, Inc., claimed an interest in the proceeds of the insurance policy as a result of an assignment from Doris Cooley for the repayment of monies advanced by them to her.

Mary Helen Cooley urges that the trial court erred in excluding any evidence regarding the investigation of the death of Melvin Cooley and the arrest, trial, conviction, sentencing and pardon of Doris Cooley on the charge of his murder. She contends that after the enactment of the Probate Code provision, Section 41(d) supra, a beneficiary who killed the insured cannot recover the proceeds if it can be shown that he either willfully brought about the death of the insured or that he was convicted and sentenced for willfully bringing about the death of the insured.

The excluded evidence of which Mary Helen Cooley complains is (one) an alleged part of the official court record of Iran and (two) the testimony of Doris Cooley concerning her arrest, trial, conviction, sentencing and pardon.

■ For the alleged part of the official court record of Iran to be admitted into evidence the requirements of Article 3731a, Vernon's Ann.Texas Civ.St., must be met. Section 2 of this article applies to foreign records which are "permitted or required by law to be made, filed, kept, or recorded . . . by an officer or clerk; or by any notary public of a foreign country in a protocol or similar book in the performance of the functions of his office."

Section 4, Article 3731a, V.A.T.S., requires that "such writings may be evidenced by . . . a copy attested by the officer having legal custody of the record, or by his deputy."

There is no showing that the offered document was an official foreign record that was permitted or required to be made, filed, kept or recorded nor that any attesting officer had legal custody of such writing. Since the requirements of Article 3731a were not met, the trial court properly excluded the alleged portion of the official court record of Iran.

■ Appellant relies upon the testimony of Doris Cooley contained in a bill of exception to show that Doris Cooley had been convicted and sentenced for willfully bringing about the death of the insured. Her testimony outside the presence of the jury regarding the court proceeding was to the effect that she was involved in an unfamiliar proceeding, in a foreign country with no understanding of the language and no knowledge of what occurred. Although

the trial court erred in excluding the testimony, the error is harmless because the testimony contained in the bill of exception did not show that Doris Cooley had been convicted or sentenced for willfully bringing about the death of Melvin Cooley. Rule 434, Rules of Civil Procedure.

Mary Helen Cooley's other points of error have been considered and are overruled. The judgment is affirmed.