JAMES POPE ET AL V. CLAYTONIA S. GARRETT.

No. A-1451. Decided May 26, 1948.
(211 S. W., 2d Series, 559.)

*Bleecker L. Moore,* of Galveston, for petitioners James Pope, et al.

The Court of Civil Appeals erred in holding that the interest of those who prevented deceased from signing the will, who inherited the property by descent and distribution, should be impressed with a constructive trust in favor of Claytonia Garret, the beneficiary under the unexecuted will. Murchison v. Murchison, 203 S. W. 423; Gaylor v. Martin's Estate, 117 Texas 302, 3 S. W. (2d) 408; Davis v. Davis, 45 S. W. (2d) 240.

*Terry, Cavin & Mills* and *Ballinger Mills, Jr.,* of Galveston, for respondent Claytonia S. Garrett.

The Court of Civil Appeals erred in holding that those who did not actively participate in the actual fraud and wrongful acts held title to the land clear of an constructive trust in favor of the beneficiary under the will, on the ground that they obtained their title by virtue of the statute of descent and distribution, in spite of the fact that such property would not have passed to them, except for the fraud and wrongful acts of other heirs which prevented deceased from making the will which would have passed the property to a third party. Binford v. Snyder, 144 Texas 134, 189 S. W. (2d) 471; Fidelity & Dep. Co. of Md. v. Wiseman, 103 Texas, 286, 126 S. W. (2d) 1109, Hendrix v. Nunn, 46 Texas 141.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This suit is by Claytonia Garrett against James Pope and others, the heirs of Carrie Simons, a negro woman, to impress a trust upon property that passed to the heirs on the death of Carrie Simons intestate, after she, during her last illness, had been forcibly prevented by two of the heirs from executing a will devising the property to Claytonia Garrett.

Following trial before a jury the district court rendered judgment awarding to the plaintiff, Claytonia Garrett, the beneficial title to the whole of the property. The Court of Civil Appeals affirmed the trial court's judgment in part and reversed and rendered it in part, holding that a trust should not be impressed upon the interests of those of the heirs who had not participated in the wrongful act. 204 S. W. (2d) 867.

On October 31, 1944, Thomas J. Green, a neighbor and friend of Carrie Simons, brought to her to be executed a will prepared by him at her request, by the terms of which all of her property was devised to plaintiff, Claytonia Garrett, who was not related to Carrie Simons. Present in the room at the time, besides Claytonia Garrett and Green, were the Reverend Preacher and Jewel Benson, a friend of plaintiff, who had been requested to come as witnesses of the will, and Lillie Clay Smith, sister of Carrie Simons, Mary Jones and Evelyn Jones, nieces of Carrie Simons, and Alberta Justin. The jury made the following findings: That Carrie Simons, some days before her death, requested Thomas Green to prepare a will for her leaving all of her property to Claytonia Garrett; that the will so prepared by Green was read by him to Carrie Simons; that after having heard the instrument read to her, Carrie Simons, in the presence of Reverend Preacher, Jewel Benson and others, declared it to be her

last will; that Carrie Simons prepared to sign her name to the will but the defendant, Evelyn Jones and Lillie Clay Smith, by physical force or by creating a disturbance, prevented her from carrying out her intention to execute the will; that Carrie Simons was of sound mind at the time and was not in an unconscious condition; and that shortly after this incident she suffered a severe hemorrhage, lapsed into a semi-omatose condition and remained in that condition continuously until her death, which was on November 3, 1944. There is no proof that any of the heirs of Carrie Simons other than those above named were present or were in any way connected with the violence that prevented the execution of the will.

Two questions are presented by the two applications for writs of error that have been granted. First, should a trust be impressed in favor of Claytonia Garrett upon the property described in the will? And, second, if so, should the trust be impressed upon the interests by all of the heirs or only upon the property described in the will? And, second, if so, should the trust be impressed upon the interests inherited by all of the heirs or only upon the interests inherited by those who participated in the acts of violence that prevented the execution of the will?

■ We find no difficulty in approving the conclusion reached both by the trial court and by the Court of Civil Appeals as to the interests of the heirs who were guilty of the wrongful acts, that when they acquired, by inheritance, the legal title to interests in the property, they became constructive trustees for Claytonia Garrett. According to the facts found by the jury, title undoubtedly would have passed to her under Carrie Simons' will but for the acts of violence. The case is a typical one for the intervention of equity to prevent a wrongdoer, who by his fraudulent or otherwise wrongful act has acquired title to property, from retaining and enjoying the beneficial interest therein, by impressing a constructive trust on the property in favor of the one who is truly and eequitably entitled to the same. In Binford v. Snyder, 144 Texas 134, 138, 189 S. W. (2d) 471, the court quoted with approval the general rule as to the use of the constructive trust thus stated in Ruling Case Law:

"It is a well settled general rule that if one person obtains the legal title to property, not only by fraud, or by violation of confidence of fiduciary relations, but in any other unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carrier out its theory of

a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner." See also 54 Am. Jur., pp. 167-169, Sec. 218.

It has been said that "The specific instances in which equity impresses a constructive trust are numberless,—as numberless as the modes by which property may be obtained through bad faith and unconsientious acts." Pomeroy's Equity Jurisprudence, (5th Ed.) Vol. 4, p. 97, Sec. 1045. A few cases will be cited where trusts have been raised on account of facts like, or somewhat like, those in the instant case.

Ransdel v. Moore, 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753, is probably the leading case. A woman, about to die and desiring to provide for her brothers, requested her husband, who would be her only heir, to cause a deed or will to be prepared so that she could execute it and thus vest title to certain real estate in her brothers. The husband, telling her that she was not able to make a will, assured her that she could rely on him and that if she should die without having conveyed or willed the property to her brothers, he would receive the title in trust for them and see that it was properly vested in them. The opinion, after citing and discussing many authorities, holds that although there may have been no actual fraudulent intention on the part of the husband when he made the promise to his wife, equity will impress a trust in favor of the wife's brothers on the property which the husband inherited and conconscientiously retained. For other authorities holding that when an heir or devisee in a will prevents the testator, by fraud or other wrongful act, from making provision for one for whom he would have provided but for the interference of the heir or devisee, such heir or devisee will be deemed a trustee for the person thus defrauded, see: Thomas v. Briggs, 98 Ind. App. 352, 189 N. E. 389; Bohannon v. Trotman, 214 N. C. 706, 200 S. E. 852; Gilpatrick v. Glidden, 81 Me. 137, 16 Atl. 464, 2 L. R. A. 662, 10 Am. St. Rep. 245; Scott on Trusts, Vol. 3, pp. 2371-2372, Sec. 489.4; Page on Wills, Vol. 4, p. 961, Sec. 1764; Perry on Trusts (3d Ed.) Vol. 1, pp. 213-216, Sec. 181; Note 106 Am. St. Rep. pp. 94-100; Note 66 A. L. R. pp. 156-172.

Citing Hutchins v. Hutchins, 7 Hill (N. Y.) 104, the defendants, Pope et al, make the contention that plaintiff, Claytonia Garrett, is not entitled to any relief because she had no existing right in the property of Carrie Simons and thus was

deprived by the acts of the defendants of nothing but an expectancy or a hope to become a devisee. That case was an action at law for damages, the plaintiff alleging that the defendants, by false and fraudulent representations, induced his father to revoke a will in his favor and to execute a new one by which he was excluded from all participation in his father's estate. It was held that the plaintiff had no cause of action for damages because, according to the allegations of his declaration, he had no interest in the property beyond a mere naked possibility. Mr. Scott, citing the Hutchins case and two other like decisions and several decisions to the contrary, recognizes the conflict of authority on the question whether an action at law will lie against the heir for tort, but expresses his opinion that clearly a court of equity should prevent the heir from keeping the property which he has acquired by the result of his wrongful conduct and that the heir should be compelled to surrender the property to the intended legatee, since but for the wrong he would have received the property, and this even though the intended legatee had no interest in the property of the testator but only an expectancy. Scott on Trusts, Vol. 3, pp. 2371-2372, Sec. 489.4. This opinion is supported by the authorities above cited and by many others.

■ The argument is often made that the imposition of the constructive trust in a case like this contravenes or circumvents the statute of descent and distribution, the statute of wills, the statute of frauds, or particularly a statute which prohibits the creation of a trust unless it is declared by an instrument in writing. It is generally held, however, that the constructive trust is not within such statutes or is an exception to them. It is the creature of equity. It does not arise out of the parol agreement of the parties. It is imposed irrespective of and even contrary to the intention of the parties. Resort is had to it in order that a statute enacted for the purpose of preventing fraud may not be used as an instrument for perpetrating or protecting a fraud. Gilpatrick v. Glidden, 81 Me. 137, 16 Atl. 464, 2 L. R. A. 662, 10 Am. St. Rep. 245, 254; Ransdel v. Moore, 153 Ind. 393, 53 N. E. 767, 774-775, 53 L. R. A. 753; Vance v. Grow (Ind. App.) 185 N. E. 335; Re O'Hara, 95 N. Y. 403, 413-414, 57 Am. Rep. 53; Scott on Trusts, Vol. 3, pp. 2375-2376, Sec. 489.6; Mills v. Gray, 147 Texas 33, 210 S. W. (2d) 985.

In this case Claytonia Garrett does not acquire title through the will. The trust does not owe its validity to the will. The statute of descent and distribution is untouched. The legal title passed to the heirs of Carrie Simons when she died intestate,

but equity deals with the holder of the legal title for the wrong done in preventing the execution of the will and impresses a trust on the property in favor of the one who is in good conscience entitled to it.

■ The second question is more difficult. Shall the trust in favor of Claytonia Garrett extend to the interests of the heirs who had no part in the wrongful acts? From the viewpoint of those heirs, it seems that they should be permitted to retain and enjoy the interests that vested in them as heirs, no will having been executed, and they not being responsible for the failure of Carrie Simons to execute it. On the other hand, from the viewpoint of Claytonia Garrett, it appears that a court of equity should extend the trust to all of the interests in the property in order that complete relief may be afforded her and that none of the heirs may profit as the result of the wrongful acts.

There are few decisions in point, and they are conflicting. The New Jersey court has held that a trust, in favor of one excluded from a will by reason of the wrongful act of one of several legatees, will be impressed upon all of the property passing by the will to the legatee, when they take title as joint tenants, but not upon the interests of those who have not been parties to the wrongful act when they take as tenants in common, since such tenants in common do not receive their legacies through the wrongdoer. Powell v. Yearance, 73 N. J. Eq. 117, 67 Atl. 892; Heinisch v. Pennington, 73 N. J. Eq. 456, 68 Atl. 233, affirmed 75 N. J. Eq. 606, 73 Atl. 1181. In Dye v. Parker, 108 Kans. 304, 194 Pac. 640, 195 Pac. 599, the husband of Lera Parker, who inherited all of the estate not disposed of by the will, fraudulently induced the testator to omit from her will a clause devising certain real estate to the plaintiff. The opinion was expressed by the court that Lera Parker, the heir, would not take as a constructive trustee since she had not been a party to the deceit. The action, however, was for reformation of the will. Bohannon v. Trotman, 214 N. C. 706, 200 S. W. 852, holds that property in the hands of the beneficiaries of a will is subject to a constructive trust in favor of the plaintiff when the testator was wrongfully induced to exclude plaintiff from any participation in his estate, although the beneficiaries were not parties to the wrongful act. The same conclusion is expressed in Ruhe v. Ruhe, 113 Md. 595, 77 Atl. 797, 800, where it may not have been necessary to the decision of the case.

The texts of Scott, Bogert and Perry seem to support this view, that is, that the trust should be impressed even though

the wrongful conduct because of which the title was acquired is that of a third person. Scott on Trusts, Vol. 3, pp. 2374-2376, Secs. 489.5-489.6; Bogert's Trusts and Trustees, Vol. 3, p. 1467, Sec. 473; Perry on Trusts (3d Ed.) Vol. 1, pp. 260-261, Sec. 211. The same is true of the Restatement. See illustrations 17 and 18, under Sec. 184, p. 754, Restatement of the Law of Restitution.

The policy against unjust enrichment argues in favor of the judgment rendered herein by the district court rather than that of the Court of Civil Appeals. But for the wrongful acts the innocent defendants would not have inherited interests in the property. Dean Roscoe Pound speaks of the constructive trust as a remedial institution and says that it is sometimes used "to develop a new field of equitable interposition, as in what we have come to think the typical case of constructive trust, namely, specific restitution of a received benefit in order to prevent unjust enrichment." 33 Harvard Law Review, pp. 420-421. See also Pomeroy's Equity Jurisdiction, (5th Ed.) Vol. 4, p. 95, Sec. 1044; 54 Am. Jur. p. 169, Sec. 219; Restatement of the Law of Restitution, Sec. 160, Subdivisions c and d, pp. 642-643. Further and in the same trend, it has been said that equity is never wanting in power to do complete justice. Hill v. Stampfli (Com. App.) 290 S. W. 522, 524.

We realize that constructive trust does not arise on every moral wrong and that it cannot correct every injustice. 54 Am. Jur., p. 169, Sec. 218. It must be used with caution, especially where as here proof of the wrongful act rests in parol, in order that it may not defeat the purposes of the statute of wills, the statute of descent and distribution, or the statute of frauds.

In the instant case the findings of the jury are well supported by the testimony of four disinterested, unimpeached witnesses, although their testimony is contradicted by that of two of the defendants. The will devising the property to the plaintiff, Claytonia Garrett, which Carrie Simons was prevented from executing, was introduced in evidence. In view of the authorities and equitable principles which have been cited and discussed, it is our opinion that the judgment of the district court should be affirmed in order that complete justice may be done.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered May 26, 1948.

No motion for rehearing on file.