The WESTERN CASUALTY AND SURETY COMPANY, Appellant,

v.

E. W. SOUTHARD, Individually and dba the Electric Supply, Appellee.

No. 8112.

Court of Civil Appeals of Texas, Amarillo.

March 8, 1971.

Robinson & Fotheringham, A. J. Robinson, Amarillo, for appellant.

Sturgeon, Sturgeon & Martindale, Ben L. Sturgeon, Pampa, for appellee.

REYNOLDS, Justice.

Appellant, the plaintiff in the trial court, has filed an appeal from the trial court's order signed and entered June 12, 1970, setting aside its judgment rendered March 5, 1970, in favor of plaintiff, and granting a new trial. The parties will be referred to by their trial court designations.

If the June 12, 1970 order is void, as plaintiff contends, this court has jurisdiction of the appeal to declare the order a nullity, Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823 (1961) ; if, as defendant maintains, the order is valid, it is interlocutory and no appeal will lie therefrom. Walker, Inc. v. Chaney, 446 S.W.2d 896 (Tex.Civ.

App.-Amarillo 1969, writ ref'd n.r.e.). Thus, the legal efficacy of the order is the focal issue.

Following the rendition of the March 5, 1970 judgment in favor of plaintiff and against defendant, the defendant timely filed his motion for new trial on March 12, 1970. After plaintiff filed an answer thereto and defendant replied to the answer, the trial court held a hearing on the motion for new trial on April 1, 1970, but no order of disposition was rendered by the trial court before April 27, 1970, the 45th day following the filing of the motion for new trial, on which date the motion was overruled by operation of law. Rule 329b § 4, Texas Rules of Civil Procedure. By brief and oral argument, the parties are agreed that the trial court retained jurisdiction for 30 days following April 27, 1970, to correct, amend, vacate or set aside the March 5, 1970 judgment, Ferris Brick Co. v. Price, 413 S.W.2d 430 (Tex.Civ. App.-Austin 1967, no writ); and, unless the original judgment was corrected, amended, vacated or set aside, during that period of time, it became final after the expiration of such 30 day period, Rule 329b § 5, T.R. C.P., and thereafter the trial court lost jurisdiction of the original judgment. Poston Feedmill Co. v. Leyva, 438 S.W.2d 366 (Tex.Civ.App.-Houston 1969, writ dism'd).

On June 12, 1970, the trial court signed and entered the disputed order that is the subject matter of this appeal. The order is not a nunc pro tunc entry, and the only indication of the date on which the trial judge acted is shown in the last paragraph thereof, copied below as corrected and initialed by the trial judge, as follows:

"This judgment and order being signed on this the 12th day of June, 1970, having been prepared by the attorney for the defendant at this Court's direction and in conformity with the ~~notation~~
Court's ~~judgment and order~~ entered upon its docket ~~and minutes~~ the 22nd day of May, 1970."

The above reference is the only information in the record concerning the docket notation. It is agreed by the parties that they made no court appearance and no oral pronouncement was made in open court on May 22, 1970, the date of the docket entry when the trial court retained jurisdiction over its March 5, 1970 judgment, and no written order was signed or filed for record at that time. The question at issue then becomes: Did the docket entry of May 22, 1970, as recited in the order signed and entered June 12, 1970, constitute rendition of judgment ordering a new trial?

Since 1885 when the Supreme Court decided the case of Stark v. Miller, 63 Tex. 164, it has been the rule in this state that the entries made by a trial judge on his docket form no part of the record. Judgments and orders of a court of record to be effective must be entered of record and an entry in the judge's docket cannot be accepted as a substitute for such record to change a judgment entered in the minutes of the court. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1937). At least in the interest of certainty, a court must speak through its written orders entered of record in its minutes, and a trial court's docket entry, without anything more, is not sufficient to contradict, vary or set aside a prior judgment. Ex Parte Rains, 113 Tex. 428, 257 S.W. 217 (1923); Burleson v. Moffett, 3 S.W.2d 544 (Tex.Civ.App.—Eastland 1928, no writ). During the time that a court may set aside its previous judgment, such action, to be effective, must be by written order or unequivocal expression that is clear and specific. Poston Feedmill Co. v. Leyva, supra.

We have carefully considered the authorities cited by defendant for the proposition that the oral official pronouncement by the court is the rendition of its judgment and that the preparation of a judgment or order for the court's formal signature is a matter of clerical action subsequently taken that does not effect the le-

gality of the judgment rendered. We are in accord with this proposition, but we do not believe it has any application to the facts present in the instant case. It would unduly lengthen this opinion to separately distinguish the authorities cited, and suffice it to note that each of the cases cited contained evidence of a definite oral official pronouncement of the court's judgment within the time the court had jurisdiction to act. In the case before us, the June 12, 1970 order was not a nunc pro tunc entry based on an official pronouncement of judgment reflected by the docket notation; in fact, it is agreed there was no official pronouncement by the trial judge on May 22, 1970. An examination of the contents of the court's order bearing the date of June 12, 1970, discloses no prior official pronouncement of the court's decision, but rather is indicative of both a rendition and entry of the court's decision on June 12, 1970, at which time the court had lost jurisdiction and control over its prior judgment of March 5, 1970.

Under the facts in this case, we hold that whatever notation was made on the trial judge's docket on May 22, 1970, did not constitute rendition of judgment ordering a new trial. The June 12, 1970 order, being signed and entered more than 30 days following the date the motion for new trial was overruled by operation of law, is void and must be vacated.

Reversed and rendered.