John R. WEATHERLY, Trustee, Appellant,

v.

Jacqueline BYRD, Guardian of the Estate of Aileen Mitchell, Appellee.

No. 17577.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 31, 1975.

Rehearing Denied March 7, 1975.

Kelley, Ryan & Merrill, and C. O. Ryan, Houston, for appellant.

Law, Snakard, Brown & Gambill, and R. F. Snakard, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by the defendant, John R. Weatherly, Trustee, from an order overruling his plea of privilege.

On September 24, 1971, Aileen Mitchell executed a revocable inter vivos trust agreement, wherein John R. Weatherly, who has at all times been a resident of Harris County, Texas, was named Trustee. By Article V of the Trust, the grantor reserved the right to alter, amend, revoke or terminate the trust as therein set out.

On March 30, 1973, Miss Mitchell resided in Tarrant County, Texas, and she was on that date declared to be a person of unsound mind by the County Court of Tarrant County, Texas, and Jacqueline Byrd was appointed to be guardian of her estate.

The statement of the facts that are above set out are taken from appellant's brief and are not challenged by appellee. We therefore accept them as being correct. Rule 419, Texas Rules of Civil Procedure.

On October 23, 1973, the guardian filed the petition in this case in the County Court (Probate Court) of Tarrant County, Texas, in Case No. A–15087, in the Matter of the Guardianship of Miss Aileen Mitchell, wherein the estate of the ward, Aileen Mitchell, was being administered. The petition was styled, "Petition for Authority to Terminate Revocable Trust." A copy of the trust agreement was attached as an exhibit to that petition. By this action the guardian sought primarily to obtain from the Probate Court an order authorizing and directing her, as the guardian, to terminate the revocable trust previously mentioned.

The petition alleged that it would now be in the best interests of the ward if the trust be revoked and the trust properties be

taken over by the guardian and administered by her for the benefit of the ward. The petition did not expressly name the appellant as a defendant, but it did allege that he, Weatherly, was the Trustee of the trust that petitioner was seeking authority to revoke and asked that he be served with a citation. In the prayer to the petition the guardian asked that the Probate Court (1) enter its order authorizing and directing her to revoke the trust agreement and (2) *directing the Trustee to give an accounting of the trust property and deliver all of the trust property in his hands to the guardian.*

When service was had on the Trustee, Weatherly, he filed a plea of privilege to be sued in Harris County, the county of his residence.

The trial court overruled the Trustee's plea of privilege and Weatherly has appealed.

We affirm in part, and reverse and dismiss a part of the case.

### Re: Part of the case seeking an accounting by Trustee.

The Texas Trust Act, Art. 7425b–24, subd. A., Vernon's Ann.Civ.St., provides: "The district court shall have original jurisdiction . . . to require accounting by trustee; and to surcharge trustee."

■ By virtue of the terms of that statute, the trial court in this case (Probate Court) did not have jurisdiction to grant to the guardian the relief which the guardian sought from the Trustee by way of an accounting of the trust property and by way of an order commanding the Trustee to deliver same to the guardian.

The statute vests original jurisdiction of that type of case in the district court.

It is thus shown on the face of the petition in this case that a part of the suit involved here is one that the trial court lacked jurisdiction to try.

■ It is the duty of an appellate court, on its own motion, to determine whether it has jurisdiction of the case being appealed.

■ Since the trial court did not have jurisdiction over the part of plaintiff's case wherein she prayed for an accounting by the Trustee and for an order requiring the Trustee to deliver the trust property over to her as guardian, it is the duty of this Court to reverse that part of the trial court's decree that kept the venue of such matter in the County Court of Tarrant County, and to dismiss the part of the plaintiff's suit that sought such relief. The appellate court has jurisdiction over the matter to the extent that it can make such an order. Perkins v. United States Fidelity & Guaranty Co., 299 S.W. 213 (Tex.Com.App., 1927); Texas Employers' Ins. Ass'n v. Hoehn, 20 S.W.2d 263 (El Paso Civ.App., 1929, no writ hist.); Lewis v. Lewis, 333 S.W.2d 436 (Amarillo, Tex. Civ.App., 1960, no writ hist.); and 3 Tex. Jur.2d 318, App & Err, Sec. 27, Note 12.

### Re: Venue of part of case seeking order for guardian to revoke ward's revocable trust.

■ The trial court in this case was the County Court of Tarrant County, Texas, in which court the ward's guardianship proceeding was pending. The guardianship proceeding was the case in which the petition that was involved here was filed. An examination of that petition shows that its primary purpose was to procure an order from the Probate Court authorizing the guardian, for the ward, to revoke the trust.

Paragraph V(a) of the trust agreement gave to the grantor (Miss Mitchell) the right at any time during her lifetime to revoke the trust at her will by her ex parte action in giving 10 days' written notice to the Trustee of her intention to revoke the trust.

Vernon's Annotated Texas Statutes, Probate Code, Section 7, provides that "A pro-

ceeding for the appointment of a guardian shall be begun: . . . (b) For the person and estate, or either, of an incompetent, in the county where such person resides, or where his principal estate is situated." Venue of the guardianship proceeding wherein the order applied for was sought is therefore properly in Tarrant County by virtue of that statute since the record is undisputed that the ward resided in Tarrant County.

Vernon's Annotated Texas St. Constitution, Art. 5, Sec. 16, gives to the County Court the original jurisdiction of a Probate Court and provides that "The County Court shall . . . transact all business appertaining to . . . persons non compos mentis . . . ."

The question of whether or not it is for the best interests of the ward in this case that the trust she created be at this time revoked for her by her guardian is a matter which pertains to the business of the ward's estate.

The probate court in which a guardianship proceeding pends has exclusive jurisdiction over all matters relating to the transacting of the business that involves the ward's estate. Thomason v. McGeorge, 285 S.W. 285 (Tex.Com.App., 1926, op. ad.), and 27 Tex.Jur.2d 359 and 360, Guardian and Ward, Sec. 12. Venue of the part of the case that is here being discussed was therefore correctly held to be in Tarrant County.

The trial court's decree overruling the defendant's plea of privilege is affirmed in so far as the ruling relates to the part of the guardian's cause of action that seeks an order of the probate court authorizing and directing the guardian, for the ward, to revoke the trust.

The trial court's decree overruling defendant's plea of privilege to the part of plaintiff's case wherein she prayed for an accounting by the Trustee and for an order requiring the Trustee to deliver the trust property over to her as guardian is hereby reversed and that part of plaintiff's case is hereby dismissed.

The costs of the appeal in this case are taxed equally against the plaintiff and the defendant.