

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

October 17, 1975

The Honorable Leonard Prewitt
Executive Secretary, Teacher
Retirement System of Texas
1001 Trinity Street
Austin, Texas 78701

Dear Mr. Prewitt:

Opinion No. H- 721

Re: Responsibilities of the
Teacher Retirement
System when a member
is murdered by his bene-
ficiary.

You have requested our opinion regarding the responsibilities of the
Teacher Retirement System when one of its members or retired members
is murdered or alleged to have been murdered by his designated beneficiary.

Attorney General Opinion O-2590 (1940) resolved this question on the
basis of a 1918 decision of the Beaumont Court of Civil Appeals, Murchison
v. Murchison, 203 S.W. 423 (Tex. Civ. App. --Beaumont 1918, no writ),
which declared that it is against public policy to permit a beneficiary to
recover the proceeds of a life insurance policy if he feloniously kills the
insured and that, in such cases, the proceeds are payable to the estate
of the insured. Nevertheless, the court held that the beneficiary-murderer,
as the sole heir of decedent's estate, was entitled to the proceeds.

Following the court's decision in Murchison, the Legislature enacted
section 21. 23 of the Insurance Code [formerly article 5047, V. T. C. S. ]
which provides that the "interest of a beneficiary [is] . . . forfeited
when the beneficiary is the principal or accomplice in willfully bringing
about the death of the insured. " In such cases, "the nearest relative
of the insured shall receive said insurance. " Since survivors' benefits
under the Teacher Retirement System are not governed by the Insurance
Code, however, it is necessary to look to the common law to determine the
applicable principles.

Since Attorney General Opinion O-2590 ( 1940 ), the Texas courts, as
a means of carrying out the public policy which prevents a person from
profiting by his own wrong, have imposed a constructive trust upon
property passing to heirs who murder their ancestors. Under this doctrine,
legal title to decedent's property passes to the murderer, but the law imposes

a constructive trust thereon for the benefit of other heirs. Parks v. Dumas, 321 S.W.2d 653 (Tex. Civ. App. --Ft. Worth 1959, no writ); Pritchett v. Henry, 287 S.W.2d 546 (Tex. Civ. App. --Beaumont 1955, writ dism'd.). In Pritchett, the court explained its rationale thus:

> By imposing a constructive trust upon the murderer, the court is not making an exception to the provisions of the statutes, but is merely compelling a murderer to surrender the profits of his crime and thus preventing his unjust enrichment. 287 S.W.2d at 549.

Quoting the Supreme Court's decision in Pope v. Garrett, 211 S.W.2d 559 (Tex. Sup. 1948), the court in Parks v. Dumas, supra, held that the constructive trust doctrine is a creature of equity. Its purpose is to prevent a situation in which "the statutes of descent and distribution may . . . be used as an instrument for perpetuating or protecting a fraud." 321 S.W.2d at 655.

Under the law of most jurisdictions, the disqualification of a beneficiary bars the claim of anyone who succeeds to his rights, whether it be his assignee, his heirs, or the administrator of his estate.4 Couch on Insurance 2d, § 27:161, at 709-10. Thus, a beneficiary cannot confer upon his heirs or assigns the proceeds of his victim's estate. In addition, section 3.07 of the Education Code provides that "any . . . right . . . accruing to any person under the provisions of this chapter . . . shall be unassignable except as provided. . . ."

From the analogy of Pritchett and Parks, we may conclude that, in the event a member of the System is murdered by his designated beneficiary, a constructive trust will be imposed upon such beneficiary, in favor of those persons in whom benefits vest, according to statute, when the designation of the primary beneficiary fails. Section 3.33 of the Education Code provides, in pertinent part:

> (b) In the event a member fails to designate a beneficiary, or the designated beneficiary predeceases the member and there is no designation effective at the date of death, the death benefits and election right to survivor benefits shall vest (in the order listed) with

(1) the surviving widow or surviving dependent widower of the deceased; or

(2) the children of the deceased in equal portions; or

(3) the dependent parent or parents of the deceased in equal portions.

(c) If none of the persons named in Subsection (b) (1), (2), and (3) of this section survive; then, to the member's estate, or to his heirs, in complete discharge of all claims for death and survivor benefits under this chapter, there shall be paid

(1) the return of the accumulated contributions of the member; or

(2) a $500 lump sum if death occurs after retirement.

Thus, it is our opinion that, where a constructive trust is imposed, those persons listed in section 3.33 shall be entitled, in the order listed, to the available benefits, provided that such beneficiary is not himself the murderer of the member. We note that, by the terms of section 3.34(b) of the Education Code, if the beneficiary is

other than a surviving widow, dependent widower, child, grandchild, brother, sister, or dependent parent of the deceased, or other person financially dependent on the deceased, the death benefits payable to the beneficiary under the provisions of this chapter shall be limited to the accumulated contributions in the member's member savings account.

You also ask whether the Teacher Retirement System may rely upon a waiver executed by the alternative beneficiaries created by section 3.33(b) in favor of the designated beneficiary-murderer, or may enter into a settlement agreement which results in an obligation on the part of the System to pay benefits to the murderer. In our opinion, neither a waiver

nor a settlement agreement to such effect would be valid. As the Supreme Court declared in Pope v. Garrett, supra, the doctrine of constructive trust is to be "imposed irrespective of and even contrary to the intention of the parties." 211 S. W. 2d at 561. If the public policy which prevents a person from profiting by his own wrong is strong enough to require, in effect, a judicially-created exception to the descent and distribution statutes, it certainly may not be thwarted by any agreement between the murderer, the alternative beneficiaries, and the Teacher Retirement System.

As to the procedure which the System should follow when it has information that the member was murdered by his designated beneficiary, we believe that the System, in order to protect itself from liability, should await a judicial order imposing a constructive trust. It is of course possible that the designated beneficiary will be determined not to have caused the death of the member. The standard promulgated by article 21.23 of the Insurance Code, "willfully bringing about the death of the insured," has been construed by the Supreme Court to require something more than intent to cause death. But although the factor of illegality must also be present, "willfully" should not be construed to mean "maliciously." Green v. Franklin Life Insurance Co., 221 S.W. 2d 857, 859 (Tex. Sup. 1959). This standard may reasonably be applied to situations involving the Teacher Retirement System.

In most cases, either the designated beneficiary or the alternative beneficiaries under section 3.33 will probably bring an action against the System to require payment of benefits. If none of these parties do so within a reasonable time, the System should, in our opinion, file an interpleader action in the district court. Interpleader has been frequently upheld as a proper action in such cases. See Murray v. American National Insurance Co., 300 S. W. 2d 187 (Tex. Civ. App. --Ft. Worth 1957, writ ref'd.); Murray v. Bankers Life Co., 299 S. W. 2d 730 (Tex. Civ. App. --Ft. Worth 1957, writ ref'd); Cooley v. Cooley, 503 S. W. 2d 604 (Tex. Civ. App. --Eastland 1973, no writ). As the court held in McCormick v. Southwestern Life Insurance Co., 35 S. W. 2d 502, 503 (Tex. Civ. App. --Waco 1931, no writ), the purpose of interpleader is to protect an innocent stakeholder. It is proper so long as the stakeholder is in some real doubt or hazard in passing and acting upon conflicting claims. Until a court has imposed a constructive trust in favor of the alternative beneficiaries, the Teacher Retirement System

may be said to be "in some real doubt or hazard" as to whom it should pay the available benefits. If and when a constructive trust is recognized, the System may pay the proceeds to the alternative beneficiaries in accordance with the terms of section 3.33 of the Education Code.

## SUMMARY

When a member of the Teacher Retirement System is judicially determined to have been murdered by his designated beneficiary, the courts will impose a constructive trust upon such beneficiary in favor of those persons in whom benefits vest under section 3.33 of the Education Code when the designated beneficiary is disqualified. The Teacher Retirement System should not pay any benefits in such situations, however, until a constructive trust has been imposed by judicial order. If no interested party files an action to require payment within a reasonable time, the System should bring an interpleader action for the purpose of determining to whom it should pay the proceeds.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee