Jean Reece GORDY, Appellant,

v.

Don C. ALEXANDER, Trustee, and Marilyn Howe Looney, Appellees.

No. 8727.

Court of Civil Appeals of Texas, Amarillo, Texas.

April 18, 1977.
Second Rehearing Denied May 9, 1977.

Wynne & Jaffe, George H. Kolb, Jordan, Ramsey & Hill, Dallas, for appellant.

Dean Carlton, Dallas, for appellees.

## ON MOTION FOR REHEARING

ELLIS, Chief Justice.

Our opinion issued on March 23, 1977, is withdrawn, and the following opinion, issued subsequently to appellees' motion for rehearing, is substituted therefor.

Jean Reece Gordy brought this suit to impose a constructive trust on the assets of the estate of Evelyn Howe, deceased. The district court sustained the defendant's plea in abatement and dismissed the suit. In her appeal, Gordy has challenged the propriety of the trial court's action in dismissing the cause and rendering final judgment that she take nothing in this suit. Reversed and remanded.

The cause was not heard on its merits and the facts were not fully developed. However, the record discloses the following matters:

It is alleged in Plaintiffs' First Amended Original Petition that Mrs. Evelyn Howe was murdered on June 13, 1973. Such petition further alleged that Mrs. Howe's daughter, Marilyn Looney, was involved in the murder; however, there has been no adjudication concerning such allegation. Mrs. Howe's will left all her property in trust for Looney. The will also provided that Mrs. Howe's property should pass free of trust to plaintiff Jean Gordy, her sister, if Looney predeceased her mother.

The will was admitted to probate on July 9, 1973. On March 12, 1975, Gordy filed her action to impose a constructive trust upon the assets which were being held in trust for Looney's benefit. Looney and the trustee of the testamentary trust interposed their "Plea in Abatement." The tenor of this plea was that Shellie Looney, Marilyn's illegitimate daughter, was the murder victim's sole heir and is eligible to inherit the estate. They argued that Shellie was the only person with standing to impose the constructive trust and that failure to join her was fatal to Gordy's case. The trial court agreed, and on June 18, 1975, it dismissed the case for failure to join an indispensible party. Gordy moved to reinstate the case and on July 11, 1975, her motion was granted. In repleading her case, Gordy attempted to join Shellie, two-and-one-half years old, as a plaintiff. Her task was complicated by the fact that Shellie had been adopted away from Looney. The adoptive parents declined the opportunity to become involved in the lawsuit, but permitted their attorney to appear and represent Shellie in the lawsuit. After concluding that Gordy had failed in her attempt to join Shellie, the trial court, on

November 25, 1975, sustained Looney's "Plea in Abatement" (except as to the contention that the cause should be heard in the probate court) and dismissed Gordy's suit and rendered a final take-nothing judgment against her; however, the cause was dismissed as to Shellie without prejudice to prosecute any claim she may assert. Gordy's appeal raises two points of error which attack the actions by the trial court in failing to consider Shellie as a party and in dismissing Gordy's cause without prejudice. Preliminarily to passing upon Gordy's points of error, we shall consider two jurisdictional attacks raised by Looney's two cross points.

■ In her first cross point, Looney has argued that this court is without jurisdiction over this appeal. When it reinstated Gordy's action on July 11, 1975, the trial court did so by announcing its decision in open court. Looney has argued that this oral order was ineffective to reinstate the cause and that the thirty day period for appeal lapsed without appeal being perfected. In our opinion, the trial court's announcement constituted a rendition of its decree reinstating the cause. *Farr v. McKinzie,* 477 S.W.2d 672 (Tex.Civ.App.— Houston [14th Dist.] 1972, writ ref'd n. r. e.); *Western Casualty and Surety Company v. Southard,* 465 S.W.2d 238 (Tex.Civ.App. —Amarillo 1971, no writ). Also judgment *nunc pro tunc* regarding reinstatement of the case was entered and included in a supplemental transcript filed with this court. In this connection *see: Panhandle Const. Co. v. Lindsey,* 123 Tex. 613, 72 S.W.2d 1068 (1934, opinion adopted). In view of the foregoing, the trial court retained jurisdiction over the cause and Gordy's first cross point is overruled.

Looney's second cross point attacks the subject matter jurisdiction of the district court. Looney has argued that Section 5 of the Texas Probate Code vests exclusive subject matter jurisdiction over this action in the probate court of Dallas County.

Section 5(d) was amended in 1973 to read:

All courts exercising original probate jurisdiction shall have the power to hear *all matters incident to an estate,* including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and actions to construe wills. Tex.Prob. Code Ann. § 5(d) (emphasis added)

Although the amendments were intended to broaden the jurisdiction of the probate court, decisions construing the amendments have not given them the effect of excluding the district court's jurisdiction. *Folliott v. Bozeman,* 526 S.W.2d 577 (Tex.Civ.App.— Corpus Christi 1975, writ ref'd n. r. e.); *Weatherly v. Byrd,* 519 S.W.2d 504 (Tex. Civ.App.—Fort Worth 1975, no writ). Looney has argued that the imposition of a constructive trust is a matter "incident to an estate," and that exclusive jurisdiction to hear such cases rests in the probate court. The record shows that the estate has already been probated and turned over to the testamentary trustee, and the present proceedings are to determine whether a constructive trust should be imposed and alternatively to construe the will.

■ A constructive trust is considered a "creature of equity" designed to correct an injustice. The district courts clearly have jurisdiction in actions to impose a constructive trust. *Pope v. Garrett,* 147 Tex. 18, 211 S.W.2d 559, 561 (1948); *Pritchett v. Henry,* 287 S.W.2d 546 (Tex.Civ.App.— Beaumont 1955, writ dism'd); Schwartzel and Wilshusen, *Texas Probate Jurisdiction —There's a Will, Where's the Way?,* 53 Tex.L.Rev. 323, 344–47 (1975). Amended Section 5 does not reflect any legislative intent to alter or overturn this well-established rule. Insofar as construction of the will may be involved, jurisdiction of such matter is exclusively in the district court. *Power v. Landram,* 424 S.W.2d 24 (Tex.Civ. App.—Houston [1st Dist.] 1968, no writ). We hold that the district court had subject matter jurisdiction over this cause. Looney's second cross point is overruled.

Both of Gordy's points of error attack the trial court's action in dismissing the cause

pursuant to Looney's "Plea in Abatement." By that instrument, Looney requested that the court dismiss the suit because (1) Shellie Looney was not joined, and (2) Gordy had no standing to prosecute the action.

■ In substance, Looney's "Plea in Abatement" was a plea in bar. By it, Looney sought a final ruling from the trial court that Gordy lacked standing to bring this suit and that the cause should be dismissed. Regardless of the label attached to it, this was a plea in bar rather than a plea in abatement. *Smith v. City of Dallas,* 404 S.W.2d 839 (Tex.Civ.App.—Dallas 1966, no writ).

[7] It is our opinion that it was error for the trial court to dismiss this action pursuant to Looney's plea in bar. Absent an agreement between the parties, a summary disposition based upon pleadings, affidavits, and arguments of counsel can be had only by summary judgment proceedings. Tex.R. Civ.P. 166–A; *Kelley v. Bluff Creek Oil Company,* 158 Tex. 180, 309 S.W.2d 208 (1958); *Smith v. City of Dallas, supra.* Moreover, summary judgment would be proper only in the event there are no unresolved fact issues.

■ Furthermore, we have concluded that the trial court erred in holding that Gordy had no justiciable interest in this controversy. To prevent a murderer from profiting by his own wrong, equity will impress a constructive trust upon any assets he received through his victim's will. *Pritchett v. Henry,* 287 S.W.2d 546 (Tex. Civ.App.—Beaumont 1955, writ dism'd). Whether the trust will be impressed in favor of the heirs of the murder victim or the contingent beneficiary named in the will should be determined according to the *intent* of the murder victim. *In re Wilson's Will,* 5 Wis.2d 178, 92 N.W.2d 282 (1958). Unless established as a matter of law, this intent question is one for the trier of fact and both the heirs of the murder victim and the contingent beneficiary named in the will have a justiciable interest in the controversy. In the case before us, both Shellie Looney, Mrs. Howe's sole eligible heir at law, and Gordy, the contingent beneficiary named in Mrs. Howe's will, have a justiciable interest in the case. *See Glass v. Carpenter,* 330 S.W.2d 530, 536 (Tex.Civ.App.—San Antonio 1959, writ ref'd n. r. e.).

Gordy's contention that she has a justiciable interest in this action is further supported by our supreme court's recent decision in *Deveroex v. Nelson,* 529 S.W.2d 510 (Tex.1975). In that case, the primary beneficiary under a life insurance policy murdered the insured. Although article 21.23 of the Texas Insurance Code provided that, in such circumstances, the insurance proceeds should pass to the "nearest relative" of the murder victim, the court construed the statute so as to accommodate the murder victim's expressed intent. Instead of the "nearest relative," the court allowed the named contingent beneficiary under the policy to recover the proceeds. The court reached this conclusion even though the contingency, death of the primary beneficiary, had not yet occurred. In this case, as in that one, the *intent* of the murder victim should determine who benefits from any constructive trust. *See also, Williams v. Williams,* 262 S.W.2d 111 (Tex.Civ.App.—Galveston 1953, no writ). However, we do not agree that the decedent's intention for Gordy to take, under these circumstances, has been conclusively established and it is our opinion that the opportunity for complete factual development in this regard should be available to all parties.

Looney has argued, however, that prior Texas decisions have impressed constructive trusts only in favor of the heirs of the murder victim. *See e. g. Pritchett v. Henry, supra.* None of the cases cited for this proposition by Gordy involved a will naming a contingent beneficiary to take in the event the alleged wrongdoer as primary beneficiary was disqualified to take under the will. Because the issue regarding a contingent beneficiary was not raised in those cases, we do not consider those cases controlling here.

■ Shellie, as an heir, has a justiciable interest under which she can prevail in the event that the fact finder determines that

Mrs. Howe would have intended that Shellie take the assets of the estate if the primary beneficiary under the will was disqualified to do so. Because Shellie has a justiciable interest in the case, she should be made a party. Although the plaintiff's amended petition reflects that an agreement has been made whereunder the heir and the contingent beneficiary, as co-plaintiffs, would share equally in any benefits recovered by either of them, we hold that the heir has not effectively been made a party to the suit. No suit has been brought in her behalf by a next friend and she has not been made a defendant.

We overrule appellant's points of error insofar as they complain of the trial court's conclusion that Shellie was not effectively made a party to the suit. We sustain appellant's points of error complaining of the trial court's action in holding that Gordy did not have a justiciable interest in the estate of the deceased and in rendering final judgment against her. We do not reach the appellant's other contentions in support of her points of error.

In the light of the foregoing, it is our opinion that the trial court erred in rendering a final judgment against Gordy in response to the plea in abatement, and in effect, dismissing Gordy's action with prejudice. We agree, however, with the trial court's conclusion that Shellie, as an heir, is an indispensable and necessary party to this action and that her right to have an action brought in her behalf should not be prejudiced. The foregoing facts and circumstances of this case show no reason why Shellie should not be a party through her next friend. Any competent adult may sue in that capacity so long as it is in the best interest of the child. *Gallegos v. Clegg,* 417 S.W.2d 347 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n. r. e.). We therefore reverse the judgment of the trial court and remand the cause to it with instructions to abate the action until Shellie Looney is properly made a party. At that time, the merits of the case—including questions involving Mrs. Howe's intent—can be fully litigated. This holding is limited to the particular facts and circumstances involved in this case, wherein it appears feasible to join the child by next friend. We express no opinion with respect to circumstances where such joinder cannot be accomplished.

Appellees' Motion for Rehearing is overruled.

## CONCURRING AND DISSENTING OPINION

REYNOLDS, Justice.

Because the trial court erred in summarily determining that Jean Reece Gordy has no justiciable interest in this litigation, I concur that the judgment must be reversed and the cause remanded. However, for the reason that I do not agree Shellie Looney is an indispensible party to this action, I respectfully disassociate myself from the majority's instruction that the proceedings be abated until she is made a party.

Certainly, Shellie Looney would be a proper party to the action; but, in my view of Rule 39, Texas Rules of Civil Procedure, she is not an indispensable party. By that rule, she is an indispensable party only if she is subject to service of process and if (1) in her absence complete relief cannot be accorded among those already parties to this cause, or (2) she claims an interest in the subject matter of the litigation and is so situated that an adjudication in her absence may (i) actually impair or impede her ability to protect that interest, or (ii) subject any of those who are parties to a substantial risk by reason of that interest. It seems at once apparent that the circumstances of this cause do not bring Shellie Looney within the operation of the rule.

First and foremost, Shellie Looney's adoptive identity has not been revealed and, so long as it remains undisclosed, she is not subject to service of process. She, therefore, is not, within the meaning of the rule, an indispensable party.

Moreover, the issue now before the trial court—i. e., whether a constructive trust is to be imposed on the decedent's estate in favor of Jean Reece Gordy—can be adjudicated in the absence of Shellie Looney.

While it may be said that any interest she may have as an heir of the decedent could be better protected if she were a party to the action, the decisive fact is that an affirmative claim of interest in her behalf has not been interposed in the proceedings.

Additionally, there is no assurance of Shellie Looney's voluntary appearance in the cause. Thus, sans service of process on or a voluntary appearance by Shellie Looney, neither of which is within the control of the parties to the cause, the majority's instruction to abate dictates that the issue now ripe for adjudication will pend forever.

Accordingly, I respectfully dissent to the holding that the proceedings be abated until Shellie Looney is made a party. I would reverse the judgment and remand the cause without direction.