**Mary Timmins JACKSON and Emory S. Timmins, Jr., Appellants,**

v.

**Amos Frank TIMMINS, Appellee.**

No. 9534.

Court of Appeals of Texas, Texarkana.

June 23, 1987.

---

John C. Fisher, Longview, for appellants.

T. John Ward, Sharp, Ward, Price, Hightower & Searcy, Longview, for appellee.

CORNELIUS, Chief Justice.

Appellants complain of the district court's judgment imposing a constructive trust in appellee's favor upon a one-half interest in land inherited by appellants and appellee from their parents.

Emory Timmins, Sr. and Octavia Timmins died intestate and left three surviving children, appellants Mary Timmins Jackson and Emory S. Timmins, Jr., and appellee Amos Frank Timmins. Before his death, Timmins, Sr. purchased a small tract of land in Harrison County. After their parents' deaths, appellants, Mary Timmins Jackson and Emory Timmins, Jr., brought this action to establish their interest in the tract and its timber proceeds, claiming that the land passed to the three surviving children in equal proportions. Their brother Frank asserted his greater interest in the property by claiming that he and his father purchased the land together as partners, and that consequently he owned one-half of the tract in his own right, in addition to a one-sixth undivided interest by inheritance. The case was tried to a jury which answered special issues in appellee's favor, and upon which the court imposed the constructive trust.

The appellants assert that the court erred in submitting the special issues to the jury and in refusing to grant their motions for directed verdict and for judgment notwithstanding the verdict, because appellee presented no evidence to establish a constructive trust. They also argue that there was factually insufficient evidence to support the elements of a constructive trust. We find sufficient evidence to support the verdict and accordingly affirm the judgment.

The doctrine of constructive trust is a narrow exception to the rule that land titles may not rest in parol. It may be applied to protect a beneficial owner's interest when strict proof establishes an abuse of an existing confidential relationship which would otherwise result in unjust enrichment to the holder of the legal title. *Ginther v. Taub*, 675 S.W.2d 724 (Tex. 1984), *citing Rankin v. Naftalis*, 557 S.W.2d 940 (Tex.1977). Specifically, a constructive trust may be proper when those in a confidential relationship orally agree to jointly acquire property in one of their names, and the legal title holder fails or refuses to honor the beneficial owner's interest. Even though the express trust in that situation is unenforceable because it rests in parol, equity will protect the innocent party by constituting the record title

holder a constructive trustee. *Omohundro v. Matthews*, 161 Tex. 367, 341 S.W.2d 401 (1960). The confidential relationship required for a constructive trust need not be a fiduciary one, and it may result from moral, social, domestic or family relationships. *Thigpen v. Locke*, 363 S.W.2d 247 (Tex.1962); *Mills v. Gray*, 147 Tex. 33, 210 S.W.2d 985 (1948); *Hudspeth v. Stoker*, 644 S.W.2d 92 (Tex.App.-San Antonio 1982, writ ref'd).

■ Concerning appellants' contention that the court erred in overruling their motions for directed verdict and for judgment notwithstanding the verdict, we first note that the court could properly have granted such motions only if there was no evidence or legally insufficient evidence to establish the elements of a constructive trust. With that in mind, we turn to a review of the evidence. Appellee testified that he had a close and confidential personal and business relationship with his father. He said that he and his father agreed to purchase the disputed property together as partners, and further agreed that his father would hold the legal title in order to strengthen his financial statement. The purchase price of the tract was $750.00, and a check for $325.00 written by appellee to his father dated two days after the land was purchased, was introduced into evidence. Appellee testified that the check and an additional $50.00 in cash he paid to his father represented payment for his half interest in the tract. Emory Timmins, Jr., one of the appellants, also agreed that appellee and his father had a close, confidential relationship and had many business dealings together. There was additional circumstantial evidence corroborating appellee's evidence, as well as evidence from appellants calculated to discredit it, which we will not detail or summarize. Suffice it to say that appellee's evidence is clear and direct, and constitutes legally sufficient evidence to prove the elements necessary to impose a constructive trust. Accepted as true, it shows that a confidential relationship existed between appellee and his father, and in reliance on that relationship they agreed that title would be taken in the father's name. As the father died without conveying appellee's interest to him, equity will protect his interest by a constructive trust. This is true even though the father was guilty of no fraud in acquiring the property, and sincerely intended to perform his promise. The abuse of the confidential relationship consists in his failure to perform the promise. *Mills v. Gray*, supra.

We recognize, of course, that the appellants are innocent title holders. Nevertheless, their title which will be subjected to the implied trust is held by them as a result of their father's failure to fulfill his trust. The principle of unjust enrichment thus applies with equal force to them as to their father. *Ginther v. Taub*, supra; *Pope v. Garrett*, 147 Tex. 18, 211 S.W.2d 559 (1948).

The appellants additionally contend that the trial court erred in failing to grant their motion for new trial because there was insufficient evidence to support the verdict. A review of all the evidence leads us to conclude that it is factually sufficient to support the verdict, and that the findings of the jury are not against the great weight and preponderance of the evidence.

The judgment is affirmed.

GRANT, J., not participating.