**Paul FORD, Appellant,**

v.

**Gwendolyn LONG, Appellee.**

**No. 12–85–0075–CV.**

Court of Appeals of Texas, Tyler.

July 28, 1986.

Rehearing Denied Aug. 28, 1986.

Charles Mitchell, San Augustine, for appellant.

John H. Seale, Seale, Stover, Coffield & Gatlin, Jasper, for appellee.

SUMMERS, Chief Justice.

This is a partition suit. The facts of the case are undisputed. Appellant Paul Ford (Ford) killed his wife, was convicted of murder, and is presently in prison. At the time of the murder, Ford and his wife were in the process of getting a divorce. Ford's wife left a will naming her sister, appellee Gwendolyn Long (Long), as sole beneficiary of her estate. Long sued Ford for partition of a 30.4–acre tract of land (formerly jointly owned by Ford and his wife), including a house and other permanent improvements thereon; partition of money, debts, and an automobile; and for possession of certain furniture, which had been the separate property of Ford's wife. Ford defended by claiming a homestead right in the real property and by claiming the right to use the furniture, as exempt property, for the rest of his life. The parties agreed on a division of the remaining property. The trial court rendered judgment reflecting the parties' agreement as to the partition of the money, debts, and automobile. Furthermore, the court imposed a constructive trust in favor of Long, granting Long's application for partition of the real estate and possession of the furniture. The court ordered that the real estate be sold and the proceeds divided equally between the parties. We affirm.

Ford brings three points of error, asserting that the trial court erred in concluding that (1) because Ford was convicted of the murder of his wife, he forfeited all homestead rights in the 30.4–acre tract of land;

(2) Long is entitled to partition; and (3) Ford is not entitled to the use and benefit of the furniture for life. In sum, Ford contests the trial court's decision to impose a constructive trust in favor of Long.

A constructive trust is based upon the equitable principle that a person shall not be permitted to profit from his own wrong. *Pope v. Garrett*, 147 Tex. 18, 211 S.W.2d 559, 560 (1948).

Ford argues that because "no conviction shall work corruption of blood or forfeiture of estate," Tex. Const. art. I, § 21, the trial court's imposition of a constructive trust amounts to an unconstitutional penalty for his crime. This argument is without merit. Imposition of a constructive trust does not deprive a murderer of property lawfully acquired by him, but merely prevents the murderer from acquiring a beneficial interest through his unlawful act. *Bounds v. Caudle*, 560 S.W.2d 925, 928 (Tex.1977); *see also* RESTATEMENT OF RESTITUTION § 187 comment c (1937). Here, had Ford predeceased his wife, he would have taken no homestead interest in the land. Since by his willful act Ford made certain his survival, he should be precluded from keeping and enjoying property he takes as a survivor in the community. *Pritchett v. Henry*, 287 S.W.2d 546, 549–50 (Tex.Civ. App.—Beaumont 1955, writ dism'd); 5 A. Scott, *Law of Trusts* § 492.2 at 3502 (1967).

We find that the trial court properly imposed a constructive trust. *Bounds v. Caudle*, 560 S.W.2d at 928; *Gordy v. Alexander*, 550 S.W.2d 146, 148 (Tex.Civ.App.— Amarillo 1977, writ ref'd n.r.e.). Ford's three points of error are overruled.

The judgment of the trial court is affirmed.