99-00562 & 99-00564 Smithwick v McClelland.wpd



Nos. 04-99-00562-CV & 04-99-00564-CV


Roy L. SMITHWICK, Jr.,


Appellant


v.


Ruth S. McCLELLAND, Trustee of the Estate of Raquel P. Smithwick, Deceased,


Appellee


v. 

Ruth S. McCLELLAND, Trustee of the Estate of Roy L. Smithwick, Deceased,

Appellee


From the County Court at Law No. 1, Webb County, Texas

Trial Court Nos. P-92-00015-C2 & P-92-00016-C2

Honorable Alvino "Ben" Morales, Judge Presiding


Opinion by: Catherine Stone, Justice

Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: January 26, 2000


AFFIRMED

 Appellant, Roy L. Smithwick, Jr., complains of the trial court's order imposing a
constructive trust. In a single issue, appellant argues the trial court erred in proceeding with a hearing
and ruling on the appellee's motion without the benefit of his response. Because the issue on appeal
involves well-settled law, we overrule appellant's issue and affirm the trial court's order in this
memorandum opinion pursuant to Tex. R. App. P. 47.1.

Discussion

 The trial court imposed a constructive trust for the benefit of the estates after a jury found
appellant guilty of the murder of his parents.(1) Appellant now complains on appeal that the trial court
erred by imposing the trust prior to receiving his response to appellee's motion to impose the trust.
We overrule appellant's complaint on several grounds. First, appellant failed to timely file a
response to appellee's Motion to Impose a Constructive Trust. Thus, no response existed for the trial
court to consider. Appellant argues insufficient postage precluded the trial court from a timely
consideration of his response and asks this court to extend him extraordinary consideration as a pro
se litigant. We decline to do so, as case law directs that we hold pro se litigants to the same
procedural standards as those required of litigants represented by counsel. See Hawkins v. State, 613
S.W.2d 720, 728 (Tex. Crim. App. 1981). Second, the trial court possessed enough documents to
impose the constructive trust. In the interest of equity, Texas law provides for the imposition of a
constructive trust to prevent a wrongdoer from profiting from his wrongful acts. Ginter v. Taub, 675
S.W.2d 724, 728 (Tex. 1984); Procom Energy, L.L.A., v. Roach, No. 12-98-00138-CV, slip op. at
3, 1999 WL 798933 at *3 (Tex. App.-Tyler Sept. 30, 1999). Here, the trial court considered the
judgments from the trial and appellate criminal proceedings in making its determination to impose
the trust. The trial court's conclusion to impose a constructive trust over the estate assets to which
appellant would otherwise be entitled but for his commission of the murders, is consistent with
Texas authority. See Pope v. Garrett, 211 S.W.2d 559, 560 (Tex. 1948); Ford v. Long, 713 S.W.2d
798, 799 (Tex. App.-Tyler 1986, writ ref'd n.r.e.). Third, appellant failed to comply with the
requirements of the appellate rules for properly filing a brief. Appellant's brief contains no statement
of facts, no citations to the record, and no references to authority. Tex. R. App. P. 38.1. For the
foregoing reasons, we affirm the trial court's order.

 Catherine Stone, Justice

DO NOT PUBLISH


1. A jury convicted appellant for the murder of Roy Smithwick Sr. and Raquel Smithwick on November 29, 1991
in Cause No. K-92-41, 49th Judicial District Court, Webb County, Texas. The Court of Appeals affirmed the conviction
on September 13, 1995 in Cause No. 04-92-00520-CR.