Emily and Olivia RICE, Appellants

v.

Peggy Evelyn RICE, Appellee

NO. 14-16-00630-CV

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed September 26, 2017

Christopher Burt, Michael Trevino, Orjanel Lewis, Jorge Borunda, Houston, TX, for Appellants.

Robert S. MacIntyre, Jr., Houston, TX, Arno Schwamkrug, Sugar Land, TX, for Appellee.

Panel consists of Justices Christopher, Brown, and Wise.

## OPINION

Tracy Christopher, Justice

In this probate proceeding, sisters Emily and Olivia Rice alleged that their stepmother Peggy Evelyn Rice tortiously interfered with their rights to inherit property from their father Raymond Rice. After sustaining Peggy's special exception that tortious interference with inheritance is not a recognized cause of action in Texas, the trial court dismissed the claim.[1] Emily and Olivia appealed, and after the parties' briefs were filed, the Texas Supreme Court issued an opinion that validates Peggy's position. *See Kinsel v. Lindsey*, No. 15-0403, 526 S.W.3d 411, 423–24, 2017 WL 2324392, at *9 (Tex. May 26, 2017). Peggy then moved to dismiss the appeal on the ground that *Kinsel* renders the appeal moot, and we took the motion with the case.

We now deny Peggy's motion to dismiss the appeal, and because this case does not warrant the recognition of a new cause of action, we affirm the trial court's judgment.

## I. BACKGROUND

Peggy applied to probate the will of her late husband Raymond in the statutory

---

1. Because all of the individuals identified in this opinion share the same surname, we re- fer to them by their respective first names.

probate court of Galveston County; Raymond's daughters Emily and Olivia contested the will. Peggy specially excepted to Emily's and Olivia's "First Amended Contest to Probate of Will and Application for Declaratory Relief." Although that pleading is not in the record, Emily and Olivia presumably alleged that Peggy tortiously interfered with their inheritance rights, because Peggy specially excepted on the ground that "the Texas Supreme Court and the Texas Legislature have not accepted that tortious interference with inheritance rights is a viable cause of action under Texas law." Emily and Olivia responded to Peggy's special exceptions and amended their pleading, but continued to plead that "Contestants sue Peggy for tortious interference with their inheritance rights." The trial court sustained Peggy's special exceptions and dismissed the claim.

Emily and Olivia proceeded to trial on their will contest, and the jury found that Raymond lacked testamentary capacity when the will was executed and had signed the document as a result of undue influence. The trial court rendered final judgment incorporating the jury's findings. Because Raymond's purported will is invalid, he is considered to have died intestate.

In a single issue, Emily and Olivia argue that the trial court erred in sustaining Peggy's special exceptions and dismissing their interference-with-inheritance claim. They contend that, contrary to Peggy's arguments, interference with inheritance is a recognized cause of action in Texas.

## II. Analysis

Whether state law recognizes a tort is itself a question of law, which we review de novo. *See Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex. 1996) (explaining that tort liability requires a legally cognizable duty, the existence of which is a question of law); *Hous. Belt &*

*Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016) (stating that questions of law are reviewed de novo).

This court first recognized a claim of tortious interference with inheritance in our 1998 decision in *Brandes v. Rice Trust, Inc.*, 966 S.W.2d 144, 146–47, 149–50 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). In taking this view, we followed our sister court's decision in *King v. Acker*, 725 S.W.2d 750, 754 (Tex. App.—Houston [1st Dist.] 1987, no writ), noting that the *King* court cited the Restatement (Second) of Torts 774B (1977) which provided that "[o]ne who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift." As the Texas Supreme Court recently explained in *Kinsel v. Lindsey*, the *King* court's conclusion was based on a misreading of the Texas Supreme Court's decision in *Pope v. Garrett*, 147 Tex. 18, 211 S.W.2d 559 (1948). *See Kinsel*, 526 S.W.3d at 422–24, 2017 WL 2324392, at *8–9. In *Pope*, a woman died intestate because two of her heirs-at-law prevented her from executing a will leaving her property to a third party. *See id.* at 423–24, 2017 WL 2324392, at *9 (citing *Pope*, 211 S.W.2d at 559–60). The Texas Supreme Court upheld the imposition of a constructive trust in favor of the third party, who was equitably entitled to the property. *See id.* (citing *Pope*, 211 S.W.2d at 560). Although the *King* court read *Pope* as implying a cause of action for tortious interference with inheritance, the Texas Supreme Court explained in *Kinsel* that "*Pope* did nothing to create a stand-alone tort. It simply concluded the facts gave rise to one of the 'numberless' instances in which a court, acting in equity, might impose a constructive trust on property obtained 'through bad faith and un-

conscientious acts.' " *Id.* (quoting *Pope*, 211 S.W.2d at 560). The Texas Supreme Court further clarified that "[n]either our precedent nor the Legislature has blessed tortious interference with an inheritance as a cause of action in Texas. Its viability is an open question." *Id.* at 423, 2017 WL 2324392, at *8.

The court then went on to consider whether to recognize such a claim. It stated that in determining whether to recognize a new cause of action, "a host of factors" must be considered, including "the existence and adequacy of other protections." *Kinsel*, 526 S.W.3d at 424, 2017 WL 2324392, at *9 & n.6. The court explained that in the case before it, the trial court imposed a constructive trust, and "[u]nder the circumstances, the constructive trust was an adequate remedy." *Id.* at 424, 2017 WL 2324392, at *10. The court emphasized that "the question as we see it is not whether we can increase the Kinsels' recovery, but whether the facts of *this* case warrant an enlargement of our body of tort law." *Id.* (emphasis in original). The court concluded that the facts presented in *Kinsel* did not warrant recognition of a new cause of action for tortious interference with inheritance. Thus, as of this writing, the Texas Supreme Court has not recognized such a cause of action, but has instead stated that "[i]ts viability is an open question." *Id.* at 423, 2017 WL 2324392, at*8.[2]

## A. Peggy's Motion to Dismiss the Appeal as Moot

■ Peggy contends that because the Texas Supreme Court declined to recognize a claim for tortious interference with inheritance in *Kinsel*, we must dismiss this appeal as moot. *See Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 384 n.9 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (explaining that courts lack subject-matter jurisdiction over a moot claim). But, even if the Texas Supreme Court had held that tortious interference with inheritance is an invalid cause of action in Texas—and it did not so hold—this appeal would not be moot.

■ An appeal is moot when there is no longer a live controversy between the parties and appellate relief would be futile. *See Lee v. Lee*, No. 14-16-00258-CV, 528 S.W.3d 201, 2017 WL 3270963, *4 (Tex. App.—Houston [14th Dist.] Aug. 1, 2017, no pet. h.) (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)). Stated differently, "a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012).

In this case, there continues to be a live controversy between the parties about whether tortious interference with inheritance is a viable cause of action in Texas. The parties' rights can be affected by an appellate ruling on the issue: if this Court, or the Texas Supreme Court, were to hold that tortious interference with inheritance is a legally cognizable cause of action, then Emily and Olivia would be entitled to litigate the merits of their claim against Peggy. Thus, this appeal is not moot. We accordingly deny Peggy's motion to dismiss.

## B. Emily's and Olivia's Appeal of the Trial Court's Dismissal of their Claim

■ Emily and Olivia argue that the trial court erred in dismissing their claim

2. The same issue is presented in another case currently pending as Cause No. 16-0256 before the Texas Supreme Court. *See Anderson v. Archer,* 490 S.W.3d 175, 176 (Tex. App.—Austin 2016, pet. granted) (concluding that Texas does not recognize a cause of action for tortious interference with inheritance).

for tortious interference with inheritance, because under principles of vertical stare decisis, the trial court is bound by the decisions of the First and Fourteenth Courts of Appeals, both of which had recognized such a cause of action.[3] We agree that no trial court "has a right to decide cases contrary to an opinion of the appellate court for its jurisdiction on the same question." *Perez v. State*, 495 S.W.3d 374, 392 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Nevertheless, "[t]he doctrine of *stare decisis* must yield when a prior decision of [an intermediate appellate court] is plainly contrary to a holding of our Supreme Court." *Zimmerman v. Glacier Guides, Inc.*, 151 S.W.3d 700, 703 (Tex. App.—Waco 2004, no pet.). This is such an instance.

▆. Under principles of vertical stare decisis, Texas intermediate appellate courts and trial courts are bound by the decisions of the Texas Supreme Court. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993) (per curiam) (explaining that Texas courts are obligated to follow higher Texas courts and the United States Supreme Court). The Texas Supreme Court's pronouncement in *Kinsel* that the viability of a Texas tortious-interference-with-inheritance claim is "an open question" contradicts the earlier conclusion of the First and Fourteenth Courts of Appeals "that a cause of action for tortious interference with inheritance rights exists in Texas." *Brandes*, 966 S.W.2d at 146 (quoting *King*, 725 S.W.2d at 754). We therefore conclude that stare decisis no longer applies to our holdings in *Brandes* and its progeny. The question then becomes whether we should recognize a new

cause of action for tortious interference with inheritance.

▆ When deciding whether to recognize a new cause of action, courts "must perform something akin to a cost-benefit analysis to assure that this expansion of liability is justified." *Kinsel*, 526 S.W.3d at 423 n.6, 2017 WL 2324392, at 9 n.6 (quoting *Roberts v. Williamson*, 111 S.W.3d 113, 118 (Tex. 2003)). The non-dispositive factors we must consider include

1. the foreseeability, likelihood, and magnitude of the risk of injury;
2. the existence and adequacy of other protections against the risk;
3. the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the persons in question; and
4. the consequences of imposing the new duty, including
   (a) whether Texas's public policies are served or disserved;
   (b) whether the new duty may upset legislative balancing-of-interests; and
   (c) the extent to which the new duty provides clear standards of conduct so as to deter undesirable conduct without impeding desirable conduct or unduly restricting freedoms.

*See id.* (citing *Ritchie v. Rupe*, 443 S.W.3d 856, 878 (Tex. 2014)).

▆ Emily and Olivia briefed none of these factors, even after Peggy drew their attention to the *Kinsel* decision in her motion to dismiss the appeal. Emily and Olivia instead have continued to insist that interference with inheritance already is a recognized cause of action. In their re-

---

3. The First and Fourteenth Courts of Appeal have shared jurisdiction over appeals in the district composed of the counties of Austin, Brazoria, Chambers, Colorado, Fort Bend, Galveston, Grimes, Harris, Waller, and Washington. *See* Tex. Gov't Code Ann. § 22.201(a), (b), (o) (West Supp. 2016).

sponse to Peggy's motion to dismiss the appeal as moot, Emily and Olivia point out that less than three weeks after *Kinsel* was decided, the First Court of Appeals decided *Yost v. Fails*, in which tortious interference with inheritance was treated as an established cause of action. *See Yost v. Fails*, No. 01-15-00773-CV, 534 S.W.3d 517, 2017 WL 2545088, at *9 (Tex. App.— Houston [1st Dist.] June 13, 2017, no pet. h.). Citing *King v. Acker*, the *Yost* court stated, "Texas courts of appeals are split on the question, but this court has recognized a cause of action for tortious interference with inheritance." *Id.* Because our sister court neither mentioned *Kinsel* and its abrogation of *King* nor considered whether interference with inheritance should be recognized as a new cause of action, we do not find it persuasive, and we decline to follow it.

We instead conclude that this case does not warrant an extension of existing law. We reach this conclusion based not only on the parties' failure to brief the issue, but for the reason stated in *Kinsel*, that is, the parties who are asking us to recognize a new cause of action already have an adequate remedy. *See Kinsel*, 526 S.W.3d at 414–15, 2017 WL 2324392, at *1. When Peggy applied to probate Raymond's will, Emily and Olivia could and did contest it on the grounds that their father lacked testamentary capacity to execute the will and that he signed it as a result of undue influence. The jury agreed with both of these contentions, and Emily and Olivia received their requested declaration that the will is invalid. Their only apparent reason for seeking recognition of a tortious-interference-with-inheritance claim is found in their pleading that "Contestants are entitled to recover exemplary damages from Peggy arising from their claim for tortious interference with inheritance

rights." Exemplary damages, however, are intended to punish the offender rather than to compensate the claimant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.001(5) (West Supp. 2016). Emily and Olivia already can be made whole by their existing causes of action, and we decline to create a new cause of action solely as a vehicle for an award of exemplary damages that are not otherwise available.

In sum, we agree with Emily and Olivia that the Galveston County probate court was bound by the principle of vertical stare decisis to follow binding precedent recognizing a cause of action for tortious interference with inheritance, and that the trial court erred in failing to do so; however, in light of the Texas Supreme Court's decision in *Kinsel* and our own refusal to recognize such a cause of action on the record and the briefs before us, the trial court's error was harmless. *See* Tex. R. App. P. 44.1(a) (providing that a trial court's error of law is not reversible unless the error probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case on appeal).

### III. Conclusion

Having concluded that the trial court did not reversibly err in sustaining Peggy's special exceptions and in dismissing Emily's and Olivia's claim for tortious interference with inheritance, we overrule the sole issue presented, and we affirm the trial court's judgment.