

# NUMBER 13-26-00015-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GERMANIA FARM MUTUAL INSURANCE ASSOCIATION

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Justices Silva, Cron, and Fonseca
### Memorandum Opinion by Justice Fonseca[1]

By petition for writ of mandamus, relator Germania Farm Mutual Insurance

Association (Germania) asserts that the trial court[2] abused its discretion by denying

Germania's motion to compel appraisal and abatement regarding an insurance claim filed

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2024-CCL-00799 in the County Court at Law No. 3 of Cameron County, Texas, and the respondent is the Honorable David Gonzales III. *See id.* R. 52.2.

by the real party in interest, Raquel O. Chavez. We conditionally grant the petition for writ of mandamus as to appraisal, and we deny it as to abatement.

## I.  BACKGROUND

Chavez purchased an insurance policy from Germania for her property in Brownsville, Texas. The insurance policy includes an appraisal clause that provides in relevant part:

> If you or we fail to agree on the actual cash value (including the replacement costs and depreciation/obsolescence) or the **incurred property damage** of your **claimed loss**, either you or we may make a written demand for an appraisal. The appraisal shall be made in accord with the terms of this appraisal clause. Neither you nor we may assign the right to demand appraisal, whether before or after loss or damage. Any assignment of the right to demand appraisal shall be void.

Chavez submitted a claim to Germania alleging that her property sustained severe damage from a storm that occurred on April 4, 2023. Germania's adjuster inspected the property and concluded, *inter alia*, that the damage to Chavez's roof was minimal and did not warrant repair or replacement; that there was no new damage to her fence; that interior damages were not the result of a covered peril; and that there was no visible storm-related damage to her shed or carport.

On September 3, 2024, Chavez's counsel sent a letter to Germania providing notice of her intent to file claims under the Texas Deceptive Trade Practices Act and the Texas Insurance Code, alleging that she had incurred between $26,413.73 and $65,115.69 in damages, and requesting various forms of discovery. The letter "acknowledge[d] that the subject insurance policy on this claim has an appraisal clause"; however, it stated that Chavez was not invoking appraisal "[a]t this time." The letter further provided that, "Following appraisal, [Chavez] shall tender an additional demand for

2

payment of these damages and provide you a fair opportunity to resolve this claim in its entirety."

On November 1, 2024, Germania's counsel responded to Chavez's demand asserting that: (1) her notice and demand failed to comply with the applicable statutory provisions, and thus a condition precedent had not been met; (2) the requested "damages are excessive in light of the facts of this specific claim"; and (3) "given the investigation undertaken by Germania, there was no covered damage in excess of the policy deductible that would have substantiated the [basis] for any payment." Germania's counsel advised that if Chavez's counsel had any additional documents for Germania to consider in evaluating her claim, those documents should be sent to it as soon as possible. In this letter, Germania stated that it reserved its rights under the insurance policy "including but not limited to the appraisal provision."

On November 5, 2024, Chavez filed an "Original Petition and Application for Declaratory Relief" against Germania. She alleged that Germania wrongfully denied and/or underpaid her insurance claim for damage to the property, and she asserted, among other things, that Germania committed fraud, breached the insurance policy, violated its duty of good faith and fair dealing, and violated various provisions of the Texas Insurance Code. On November 27, 2024, Germania filed its original answer to Chavez's lawsuit. It denied her claims, asserted several affirmative defenses, and "reserve[d] all rights arising out of the insurance policy, including with regard to the [p]olicy's appraisal provisions."

On December 2, 2024, Germania sent a written demand to Chavez for appraisal pursuant to the insurance policy. In its letter, Germania appointed Robert Stephenson as

3

its appraiser. On January 18, 2025, Germania filed an opposed motion to compel appraisal and to abate the lawsuit pending the outcome of appraisal. Germania asserted that the policy required appraisal and that "courts regularly abate litigation while parties pursue resolution [of the insurance claim] through appraisal."

On February 7, 2025, Chavez filed a first amended response to Germania's motion. She alleged that Germania "ha[d] wrongfully delayed and denied payment of the balance due to [her] for the Claim." She argued that Germania "ha[d] relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to [her] property w[as] substantially less than the actual cost of repairs." Chavez asserted, in part, that "because this matter deals with a *coverage* issue and not a typical *amount of loss* dispute (the insurance claim at hand was fully denied after an [inspection] of the property in question), appraisal will not resolve the underlying coverage issues, and thus appraisal is improper in this case."

The parties thereafter filed supplemental briefing regarding appraisal and abatement. On February 13, 2025, Germania filed a reply in support of its motion. On February 28, 2025, Chavez filed a supplemental brief in opposition to Germania's motion. On March 5, 2025, Germania filed a response thereto.

On March 24, 2025, the trial court signed an order denying Germania's motion to compel appraisal and abatement. On April 1, 2025, Germania filed a motion for reconsideration of the trial court's ruling. On November 4, 2025, the trial court denied Germania's motion for reconsideration.

This original proceeding ensued. By two issues, Germania asserts that the trial court abused its discretion by denying (1) its motion to compel appraisal and abatement,

4

and (2) its motion for reconsideration. The Court ordered Chavez to file a response to the petition for writ of mandamus, and Chavez duly filed her response. *See* TEX. R. APP. P. 52.4, 52.8(b). Germania filed a reply thereto. *See id.* R. 52.5.

## II. STANDARD OF REVIEW

Mandamus is an extraordinary and discretionary remedy. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion; and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. Mandamus relief is appropriate to enforce an appraisal clause because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim. *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Allstate Cnty. Mut. Ins.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding); *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d 876, 882 (Tex. App.—Houston [1st Dist.] 2024, orig. proceeding); *In re Acceptance Indem. Ins.*, 562 S.W.3d 645, 649 (Tex. App.—San Antonio 2018, orig. proceeding); *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d 815, 822 (Tex. App.—Beaumont 2018, orig. proceeding) (per curiam); *In re State Farm Lloyds*, 514 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding).

5

### III.   ANALYSIS

Germania asserts that the trial court abused its discretion by denying its motion to compel appraisal and abatement, and that it lacks an adequate remedy by appeal to address this error. Chavez contends otherwise, arguing that appraisal is not required under the facts of this case, Germania waived its right to appraisal, and public policy militates against enforcing appraisal.

### A.   Applicable Law

Appraisal clauses in insurance policies "provide a means to resolve disputes about the amount of loss for a covered claim." *In re ACE Am. Ins.*, No. 25-0461, 2026 WL 1261448, at *1, __ S.W.3d __, __ (Tex. May 8, 2026) (orig. proceeding) (quoting *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 406–07); *see State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009). "Appraisals can provide a less expensive, more efficient alternative to litigation." *In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 407. A trial court has no discretion to ignore a valid appraisal clause. *Johnson*, 290 S.W.3d at 888; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 881. And, appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895; *see In re State Nat'l Ins.*, No. 13-25-00133-CV, 2025 WL 2318636, at *8 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2025, orig. proceeding) (mem. op.).

### B.   Construction

We interpret insurance policies pursuant to the same rules of construction that apply to other contracts. *Dillon Gage Inc. of Dall. v. Certain Underwriters at Lloyds Subscribing to Pol'y No. EE1701590*, 636 S.W.3d 640, 643 (Tex. 2021). "Each insurance

policy must be interpreted according to its own specific wording, provisions, and coverages." *Progressive Cnty. Mut. Ins. v. Saldivar*, 712 S.W.3d 691, 694 (Tex. App.—Houston [14th Dist.] 2025, no pet.). Our primary goal is to ascertain the intent of the parties as expressed in the insurance policy. *Kelley-Coppedge, Inc. v. Highlands Ins.*, 980 S.W.2d 462, 464 (Tex. 1998). We determine the parties' intent "by looking only to the four corners of the policy to see what is actually stated" therein. *Certain Underwriters at Lloyd's, London v. Henry Vogt Mach. Co.*, 712 S.W.3d 909, 927 (Tex. App.—Houston [14th Dist.] 2025, no pet.). We give the terms of the policy their "common, ordinary meaning." *Anadarko Petrol. Corp. v. Hou. Cas. Co.*, 573 S.W.3d 187, 193 (Tex. 2019).

## C.     Applicability of Appraisal Clause

As Chavez acknowledged in her pre-suit correspondence, the insurance policy at issue contains a clause requiring the parties to submit their disputes to appraisal. However, Chavez asserts that appraisal is improper when an insurer denies a claim in whole or in part, as Germania did in this case. Chavez further argues that the insurance policy requires appraisal only when there is a failure to agree on the "actual cash value" of the claimed loss, and that, because Germania had not prepared a damage estimate; it cannot establish that the parties disagree regarding the actual cash value of her damages.

We disagree with Chavez's contentions. The Supreme Court of Texas has held that "coverage disputes do not render an appraisal improper." *In re ACE Am. Ins.*, 2026 WL 1261448, at *4, __ S.W.3d __, __. More specifically, appraisal is proper under several circumstances involving disagreements regarding coverage:

> [W]hen an indivisible injury to property may have several causes, appraisers can assess the amount of damage and leave causation up to the courts.

7

> When divisible losses are involved, appraisers can decide the cost to repair each without deciding who must pay for it. When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong. And when the parties disagree whether there has been any loss at all, nothing prevents the appraisers from finding "$0" if that is how much damage they find.

*Johnson*, 290 S.W.3d at 894 (footnotes omitted); *see In re Am. Zurich Ins.*, No. 01-25-00580-CV, 2025 WL 3236300, at \*7 (Tex. App.—Houston [1st Dist.] Nov. 20, 2025, orig. proceeding) (mem. op.) (stating that "even if Zurich has denied coverage, appraisal may still be requested"); *In re Liberty Ins.*, 496 S.W.3d 229, 235 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) (concluding that the denial of a homeowner's claim for damages is not inconsistent with appraisal). Accordingly, the fact that Germania denied Chavez's claim does not preclude its request for appraisal.[3]

Chavez further asserts that the appraisal clause is inapplicable because Germania failed to procure an estimate of her damages and has thus failed to show that the parties disagree regarding the "actual cash value" of her claim. However, the Supreme Court of Texas has held that a "definitive position" regarding loss is not required for the parties to have a genuine disagreement regarding the amount of loss so as to trigger appraisal. *See In re ACE Am. Ins.*, 2026 WL 1261448, at \*4, __ S.W.3d at __. Here, Germania's November 1, 2024 response to Chavez's demand letter definitively set forth its position

---

[3] Chavez also asserts that "[t]his Court has been somewhat inconsistent in addressing the issue of whether a coverage dispute precludes appraisal from going forward." In support of this proposition, Chavez cites our decision in *In re Elevate Reciprocal Exchange*, No. 13-25-00011-CV, 2025 WL 414800, at \*1 (Tex. App.—Corpus Christi–Edinburg Feb. 5, 2025, orig. proceeding) (mem. op.), denying mandamus relief for the trial court's refusal to compel appraisal. Chavez contends that the facts and arguments in *Elevate* mirror those in this case. Chavez mistakes the nature and effect of our memorandum opinion in *Elevate*. The memorandum opinion in that case did not address the issues raised in that original proceeding, discuss the arguments of the parties, or explain the applicable law. *See* TEX. R. APP. P. 52.8(d) (providing that a court is not required to hand down an opinion when denying relief). Our memorandum opinion in *Elevate* denying mandamus relief is therefore not dispositive here. Further, and more importantly, Chavez misapprehends the nature of our review. We determine the propriety of mandamus relief based on the specific facts and circumstances presented in each case, and the pleadings, proof, and arguments presented therein.

that the damages she requested were "excessive." Thus, as in *In re ACE American Insurance*, it is "abundantly clear" that Germania has "consistently viewed the amount of loss as significantly less than [Chavez] does" and "[t]he appraisal provision requires nothing more." *See id.*

We further note that the policy allows a demand for appraisal regarding disagreements pertaining to "actual cash value . . . *or the **incurred property damage***" of the claimed loss (emphasis added). It is evident in this case that the parties disagree regarding the incurred property damage, which is defined in the policy as "the verifiable . . . actual distinct and demonstrable physical injury to or destruction of property" of Chavez's "claimed loss." Accordingly, we reject Chavez's assertion that the appraisal clause is inapplicable to the facts of this case.

## D. Policy Ambiguity

Chavez contends that appraisal cannot be conducted because Germania altered provisions of her policy without the required statutory notice, thus "there is a genuine dispute regarding what the policy itself actually dictates with regard to appraisal." *See* TEX. INS. CODE §§ 551.103 (governing cancellation of an insurance policy), 551.111 (providing that the "cancellation of an insurance policy made in violation of this subchapter has no effect"), 551.1055 (governing changes to a policy on renewal). Chavez contends that, "Until a declaratory order is issued (following discovery and briefing) the illusory nature of the policy's coverages and appraisal conditions render the conducting of any appraisal a complete crapshoot, as a contractual appraisal process must necessarily take place in strict compliance with the policy that creates the process."

Chavez does not provide citations to the record in support of her contention that Germania improperly modified and/or cancelled her insurance policy and that those alleged actions affect the right to appraisal. *See* TEX. R. APP. P. 52.3(h), (i). Further, based on our review of the record, Chavez did not make this argument in the trial court. Accordingly, we do not consider it here. *See In re Am. Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding) (per curiam) (declining to review arguments that were not presented to the trial court); *In re Ron*, 582 S.W.3d 486, 495 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding [mand. denied]) (same); *In re East*, 476 S.W.3d 61, 67 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding) (same). And, even if we were to determine otherwise, it is abundantly clear that any alleged breaches of the insurance policy would not excuse compliance with the appraisal provision in the insurance policy. *See In re ACE Am. Ins.*, 2026 WL 1261448, at *4–5, __ S.W.3d at __ (collecting cases).

## E.      Appraisal as a Condition Precedent

In Chavez's original petition, she alleged that "all conditions precedent to [her] right to recover herein have been performed or have occurred." Chavez asserts that because Germania failed to specifically deny that all conditions precedent had been met before suit was filed, it waived any argument to that effect on review. "[A]ppraisal is intended to take place before suit is filed; this Court and others have held it is a condition precedent to suit." *Johnson*, 290 S.W.3d at 894; *see In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d 881, 887 (Tex. App.—Fort Worth 2018, orig. proceeding). Under Texas Rule of Civil Procedure 54, if the plaintiff pleads "that all conditions precedent have been performed or have occurred," the plaintiff "shall be required to prove only such of them as are

specifically denied by the opposite party." TEX. R. CIV. P. 54. "A defendant cannot generally deny that the plaintiff has not proved all conditions precedent, but must specifically deny which conditions precedent have not been met." *Rise Above Steel Co., LLC. v. Liberty Mut. Ins.*, 656 S.W.3d 577, 584 (Tex. App.—El Paso 2022, no pet.) (quoting *Wade & Sons, Inc. v. Am. Standard, Inc.*, 127 S.W.3d 814, 826 (Tex. App.—San Antonio 2003, pet. denied)); *see also IDP TM Props., LLC v. Select Excavation, LLC*, No. 05-24-00488-CV, 2025 WL 3682020, at *4 (Tex. App.—Dallas Dec. 18, 2025, no pet.) (mem. op.).

In her first amended response to Germania's motion to compel, Chavez asserted that "appraisal is not a condition precedent to suit." She did not take the contrary position until she filed her supplemental brief. Leaving that inconsistency aside, we disagree that Germania's failure to specifically deny that appraisal had taken place bars appraisal. Prior to suit, Germania reserved its right to appraisal in response to Chavez's demand. Germania's answer to Chavez's lawsuit states that it "reserves all rights arising out of the insurance policy, including with regard to the [p]olicy's appraisal provisions." Further, the fact that appraisal has not taken place was clearly and specifically litigated through Germania's motion to compel, Chavez's response, and the parties' supplemental briefing regarding appraisal. Accordingly, we conclude that Germania did not waive its right to compel appraisal by failing to specifically deny that it had occurred in its answer to the lawsuit. *See Cunningham v. Zurich Am. Ins.*, 352 S.W.3d 519, 533–35 (Tex. App.—Fort Worth 2011, pet. denied) (concluding that the defendant's failure to specifically deny a condition precedent did not constitute waiver where the issue was raised and argued by both parties throughout the trial court proceedings).

11

**F.      Waiver**

Chavez asserts that Germania waived the right to appraisal and she suffered prejudice as a result. Waiver requires the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Universal Underwriters*, 345 S.W.3d at 407. The party challenging the right to appraisal has the burden of proof to establish waiver. *Id.* at 411; *In re Allstate Vehicle & Prop. Ins.*, 549 S.W.3d at 889. The Supreme Court of Texas has held that an appraisal clause is not waived unless the party opposing appraisal proves both conduct indicating waiver and resulting prejudice. *In re Universal Underwriters*, 345 S.W.3d at 412–13.

Waiver of an appraisal clause "occurs when the party seeking appraisal fails to demand it within a reasonable time after the parties reach an impasse on the amount of the loss, if the failure prejudices the opposing party." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019). An impasse is "a mutual understanding that neither will negotiate further." *In re Universal Underwriters*, 345 S.W.3d at 410. Impasse is reached when "the parties have exhausted any prospect of reaching an agreement and further discussion would be fruitless." *In re QBE Specialty Ins.*, No. 01-19-00164-CV, 2020 WL 6140180, at *4 (Tex. App.—Houston [1st Dist.] Oct. 20, 2020, orig. proceeding) (mem. op.) (quoting *In re Acceptance Indem. Ins.*, 562 S.W.3d at 660). "Knowledge that the insured disagrees with the insurer's position as to the claim is not sufficient to establish impasse." *Id.* "Impasse arises only if *both* parties 'believe additional negotiations would be futile.'" *Id.* (quoting *In re Acceptance Indem. Ins.*, 562 S.W.3d at 660). A party does not waive appraisal merely by waiting until after suit is filed to demand it. *See In re Universal Underwriters*, 345 S.W.3d at 405.

In addition to establishing that an unreasonable amount of time passed after the parties reached an impasse before the demand for appraisal occurred, the party must also establish that the delay resulted in prejudice. *Id.* at 411; *In re Germania Farm Mut. Ins. Ass'n*, 722 S.W.3d 282, 291 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); *In re Am. Nat'l Prop. & Cas. Co.*, 582 S.W.3d 400, 406 (Tex. App.—San Antonio 2018, orig. proceeding). The Supreme Court of Texas has held that "it is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *In re Universal Underwriters*, 345 S.W.3d at 412.

Chavez contends that the parties were at an impasse either when Germania denied her claim on April 24, 2024, or, at the latest, when she provided pre-suit notice of her statutory claims on September 3, 2024. Chavez asserts that Germania "unreasonably delayed in invoking appraisal, instead choosing to engage in acts which were inconsistent with an intent to engage in appraisal including allowing Chavez to move forward with filing suit as she had stated she would before ever seeking to invoke the process." Chavez further asserts that:

> It is uncontested that Chavez has already incurred court costs, litigation expenses, and attorney's fees in the time since Germania denied the claim. For example, Chavez has incurred expert costs, drafted pleadings, prepared discovery, provided disclosures, and attended multiple hearings to date. Chavez has been prejudiced by this delay and the second element is met. Further, the costs of appraisal themselves (appraiser cost and umpire cost) would further prejudice Chavez, irrespective of whether Chavez prevails in appraisal. Particularly important under the facts of this case is also that Chavez must bear all these appraisal costs despite Germania not having any controverting evidence whatsoever of the cost of repairing Chavez's property damages (and therefore no evidence of a dispute over the amount of loss).

13

On this record, Chavez did not establish that impasse occurred as she alleges because the referenced events do not illustrate a mutual understanding that neither party would negotiate further. *See In re QBE Specialty Ins.*, No. 01-19-00164-CV, 2020 WL 6140180, at *4. In this regard, Chavez's pre-suit notice letter refers to the right to appraisal, asserts that she was not invoking appraisal at that time, and demands settlement of her claims. And Germania's letter in response expressly requested the provision of any additional documents that supported Chavez's claim. *See In re Universal Underwriters*, 345 S.W.3d at 410 (holding that, when the insurer left the file open for further discussion, the court would not "infer waiver where neither explicit language nor conduct indicates that such was the party's intent"). These events do not show that the parties mutually believed that further discussion regarding the claim would be fruitless. *See In re Am. Zurich Ins.*, 2025 WL 3236300, at *9; *In re QBE Specialty Ins. Co.*, 2020 WL 6140180, at *4.

Examining the relevant timeline, Germania responded to Chavez's demand on November 1, 2024. Chavez filed suit against Germania on November 5, 2024. Germania filed its answer to her lawsuit on November 27, 2024, sent a written demand to Chavez for appraisal on December 2, 2024, and filed its motion to compel appraisal on January 18, 2025. Based on this sequence of events, we disagree that an unreasonable period passed after any of these alleged points of impasse. *See In re Universal Underwriters*, 345 S.W.3d at 411; *In re Germania Farm Mut. Ins. Ass'n*, 722 S.W.3d at 291.

Further, even if we were to conclude otherwise, Chavez's allegations of prejudice do not meet the standards set by the applicable caselaw. Specifically, Chavez claims that she has incurred prejudice based on court costs, expert costs, litigation expenses, and

14

attorneys' fees. However, such costs are insufficient to establish prejudice. *See In re Universal Underwriters*, 345 S.W.3d at 412; *see also In re State Farm Lloyds*, No. 05-25-01112-CV, 2025 WL 3670486, at *4 (Tex. App.—Dallas Dec. 17, 2025, orig. proceeding) (mem. op.) (concluding that when appraisal is available to either party, the litigation expenses identified by real parties generally do not constitute prejudice). And finally, to the extent that Chavez claims that she is prejudiced by the "costs of appraisal," we note that Chavez had contractually agreed to pay her share of the costs of appraisal by virtue of the insurance policy at issue.

## G. Policy Arguments

Chavez asserts that the trial court did not abuse its discretion because public policy strongly favors denying an insurer's motion to compel appraisal. To support her contention, Chavez points to proposed legislation modifying the law regarding residential appraisals; however, that legislation was not passed. *See* H.B. 345, 89th Leg., R.S. (2025). Chavez further asserts that insurance companies now use appraisal to prolong litigation and that Germania is merely invoking appraisal to prevent Chavez from recovering her attorney's fees.

Contrary to Chavez's contention, there is "a strong public policy favoring enforcement of appraisal clauses." *Garcia v. Lloyds*, 514 S.W.3d 257, 272 (Tex. App.—San Antonio 2016, pet. denied), *disapproved of on other grounds by Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019); *see Michels v. Safeco Ins. of Ind.*, 544 Fed. App'x. 535, 540 (5th Cir. 2013) (referencing "the strong public policy favoring appraisal clauses"), *disapproved of on other grounds by Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016). The Supreme Court of

15

Texas has repeatedly held that appraisal clauses are generally enforceable. *See In re ACE Am. Ins.*, 2026 WL 1261448, at *2, __ S.W.3d at __; *In re Universal Underwriters*, 345 S.W.3d at 407; *Johnson*, 290 S.W.3d at 888. Further, that Court has recognized "two specific, limited exceptions (illegality and waiver) to the enforcement of an appraisal provision," and the rationales offered by Chavez to avoid appraisal on public policy grounds do not fall within these categories. *See In re ACE Am. Ins.*, 2026 WL 1261448, at *5, __ S.W.3d at __; *see In re Universal Underwriters*, 345 S.W.3d at 407. As an intermediate appellate court, we are bound by the decisions of the Supreme Court of Texas. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022); *Rice v. Rice*, 533 S.W.3d 58, 62 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Accordingly, we reject Chavez's claims otherwise.

## H.    Abatement

Germania asserts that the trial court abused its discretion by denying its motion to abate the lawsuit pending appraisal because the insurance policy includes a provision that requires a lawsuit to be abated during the pendency of the appraisal. Chavez does not directly address the propriety of abatement.

The Supreme Court of Texas has held that a request for abatement pending appraisal is not subject to mandamus relief. *See In re Universal Underwriters*, 345 S.W.3d at 412 n.5; *In re Allstate Cnty. Mut. Ins.*, 85 S.W.3d at 196; *see also In re Homeowners of Am. Ins.*, No. 01-23-00401-CV, 2023 WL 7497537, at *3 (Tex. App.—Houston [1st Dist.] Nov. 14, 2023, orig. proceeding) (per curiam) (mem. op.) (declining mandamus regarding abatement even when the policy requires abatement until the completion of appraisal); *In re Cypress Tex. Lloyds*, 425 S.W.3d 444, 447–48 (Tex. App.—Houston [1st Dist.] 2011,

orig. proceeding) (stating that "pursuant to controlling authority from our supreme court, the trial court's denial of [the] motion to abate pending the appraisal is not subject to mandamus"); *cf. In re Progressive Cnty. Mut. Ins.*, No. 02-25-00527-CV, 2025 WL 3254831, at *4 (Tex. App.—Fort Worth Nov. 21, 2025, orig. proceeding) (mem. op.) (concluding that relators were not entitled to mandamus relief for abatement in the context of a medical examination). Accordingly, we deny mandamus relief regarding Germania's request for abatement of the lawsuit pending appraisal.

That said, the trial court denied Germania's motion to compel appraisal and abatement simultaneously, and there would have been no need to abate the case based on an appraisal process that was not going to occur. We conclude that Germania is free to re-urge its request for abatement in the trial court. *See In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 886 ("Given our conditional grant of mandamus relief to compel appraisal, SureChoice may re-urge in the trial court its request for abatement pending the appraisal process."); *In re State Farm Lloyds*, 514 S.W.3d at 796 ("Given the changed circumstances and today's conditional grant of mandamus relief as to the motion to compel appraisal, State Farm is free to ask the Trial Court to abate the case in light of the impending appraisal process."); *cf. In re Allied Tr. Ins.*, No. 01-25-00989-CV, 2026 WL 502035, at *4 (Tex. App.—Houston [1st Dist.] Feb. 24, 2026, orig. proceeding) (mem. op.) (conditionally granting mandamus relief requiring the insured and adjuster to submit to examinations under oath and noting that the insurer could re-urge its request for abatement in the trial court).

17

## I.     Summary

We conclude that the trial court abused its discretion by denying Germania's motion to compel appraisal, and that Germania lacks an adequate remedy by appeal to address this error. *See In re Universal Underwriters of Tex. Ins.*, 345 S.W.3d at 412; *In re SureChoice Underwriters Reciprocal Exch.*, 702 S.W.3d at 882; *In re Acceptance Indem. Ins.*, 562 S.W.3d at 649; *In re Allstate Vehicle & Prop. Ins.*, 542 S.W.3d at 822. We deny Germania's request for mandamus relief regarding abatement.

## IV.     CONCLUSION

The Court, having examined and fully considered Germania's petition for writ of mandamus, Chavez's response, Germania's reply, and the applicable law, is of the opinion that Germania has met its burden to obtain relief, in part, as to appraisal. Accordingly, we conditionally grant the petition for writ of mandamus in part and direct the trial court to: (1) vacate its March 24, 2025 order denying Germania's motion to compel appraisal; (2) vacate its November 4, 2025 order denying reconsideration of that ruling; and (3) grant Germania's motion to compel appraisal. We deny all other relief sought. Our writ will issue only if the trial court fails to promptly comply.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
5th day of June, 2026.